**Exhibit 21**

## SUPREME COURT OF THE STATE OF NEW YORK
## APPELLATE DIVISION, SECOND DEPARTMENT

-----------------------------------------------------------------------X

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP,

                          Plaintiff-Respondent,        Index No.: 612270/2020

      -against-                      **Docket Number: 2024-01760**

PETER KELMAN,                    **NOTICE OF MOTION**

                        Defendant-Appellant.

-----------------------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the annexed Affidavit of Peter Kelman, dated July 1, 2024, and the exhibits annexed thereto, Defendant-Appellant Peter Kelman, will move this Court, at the term of the Appellate Division, Second Department, located at the courthouse located at 45 Monroe Place, Brooklyn, New York 11201, on the 15th day of July, 2024, at 10 a.m., or as soon thereafter as counsel may be heard, for an Order (i) pursuant to the Rules of the Appellate Division, Second Department, specifically 22 NYCRR 1250.10(c), to vacate the improper administrative dismissal of the Defendant-Appellant Peter Kelman's Notice of Appeal filed by the Defendant on December 1, 2023 and Defendant's right to appeal the Order of the lower Court dated October 26, 2023, in accordance with Article 55 of the New York C.P.L.R., and to restore the aforesaid Appeal to the Court's calendar (ii) to extend the time to perfect the aforesaid Appeal for sixty (60) days from the date of the granting of this motion, and (iii) and for such other and further relief as the Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that this motion will be submitted without oral argument (see 22 NYCRR 1250.4 [a] [8]). Answering papers, if any, must be filed with the Court on or before the Friday preceding the return date.

Dated:      Woburn, Massachusetts
             July 1, 2024

By:    Peter Kelman, Esq
       *Defendant-Appellant, Pro Se*
       500 Unicorn Park, Suite 300
       Woburn, Ma, 01801
       (508) 314-0943
       pkelman@kelmanlaw.com

To:

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
190 Willis Ave.
Mineola, NY 11501

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION, SECOND DEPARTMENT**

-----------------------------------------------------------------------X

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP,

       Plaintiff-Respondent,    Index No.: 612270/2020

   -against-         **Docket Number: 2024-01760**

PETER KELMAN,        **NOTICE OF MOTION**

      Defendant-Appellant.

-----------------------------------------------------------------------X

STATE OF MASSACHUSETTS  )
            )
COUNTY OF ESSEX     )ss:

  **PETER KELMAN**, being sworn, deposes and states:

1.  I am the Defendant-Appellant in this matter.

2.  I am making this affidavit in support of my motion which seeks an Order (i) pursuant to the Rules of the Appellate Division, Second Department, specifically 22 NYCRR 1250.10(c), to vacate the improper administrative dismissal of the Defendant-Appellant Peter Kelman's Notice of Appeal filed by the Defendant on December 1, 2023 and Defendant's right to appeal the Order of the lower Court dated October 26, 2023, in accordance with Article 55 of the New York C.P.L.R., and to restore the aforesaid Appeal to the Court's calendar (ii) to extend the time to perfect the aforesaid Appeal for sixty (60) days from the date of the granting of this motion, and (iii) and for such other and further relief as the Court may deem just and proper.

**3.** The matters set forth herein are based upon my review of the pleadings and files and in some instances my personal knowledge.

## Procedural Background

4. I Peter Kelman the Defendant herein (hereinafter "I" or "me" or "Defendant") on December 1, 2023, properly filed a Notice of Appeal of the Decision and Order by the Hon. Justice Christopher G. Quinn dated October 26, 2023, within thirty (30) days of the notice of entry, dated November 2, 2023, of said Order. *See* annexed **Exhibit "A"**, p.17.

5. Defendant's Appeal was docketed by this Court on February 23, 2024, and a Docket Number was affixed to the matter, 2024-01760 *See* annexed **Exhibit "B"**, p. 26.

6. On April 24, 2024, Defendant sent an email to the clerk of the Second Department to confirm the due date for Defendant's Appeal Brief. *See* annexed **Exhibit "C"**, p. 27.

7. On April 24, 2024, the court clerk responded to Defendant's email and stated that Defendant's Appeal had been dismissed by this Court, *sua sponte*, on February 28, 2024. *See* annexed **Exhibit "D"**, p. 28.

8. Sadly, no reason for this dismissal was ever provided. This was simply a unilateral action wrongfully and improperly taken by the Court to my detriment. This was improper given that in New York, *sua sponte* appeals are allowed and the right to said appeals are protected in accordance with New York law.

9.      Nevertheless, and later that day, the clerk of this Court sent to me a subsequent email confirming that the Court had not sent me any notice of its dismissal of Defendant's Appeal.  *See* annexed **Exhibit "E"**, p. 29.

10.      Consequently, it was not until April 24, 2024, that I became aware that my Appeal had been improperly dismissed by this Court on February 28, 2024.

**Failures of the Lower Court**

11.      By way of the Appeal, Defendant seeks to appeal numerous decisions made by Justice Quinn during the arc of this case and during the evidentiary trial on damages that affect the rights of the Defendant, as described herein.

12.      Prior to the commencement of the trial, Plaintiff refused to disclose to Defendant the identities of Plaintiff's witnesses.  Plaintiff brought a motion *in limine* (*See* annexed **Exhibit "F"**, p. 30) to exclude Plaintiff from presenting any witnesses at trial, because Defendant was prejudiced by his inability to prepare cross-examination of any of Plaintiff's witnesses since Defendant did not know who Plaintiff's witnesses would be.   Plaintiff filed no opposition to Defendant's motion.  Without any explanation, Judge Quinn denied Defendant's motion *in limine*, and Plaintiff was allowed to present surprise witnesses in the trial.

13.      Justice Quinn excluded and prevented a key witness for the Defendant from testifying at the trial. Specifically, the Defendant sought to call to the stand his personal attorney, Geoffrey Menin, Esq. Prior to trial, Defendant provided Justice Quinn with an offer of proof of attorney Menin's expected testimony.  Defendant proffered to the Court that attorney Menin was a percipient witness, who was going to testify as to his first-hand knowledge and experience as to

statements made by the Plaintiff's managing partner as to how it was going to run-up its bill against the Defendant.

14.     By letter to Justice Quinn, Defendant requested that Justice Quinn allow attorney Menin, who was out of the country during the second day of the trial, to provide testimony virtually, or, in the alternative, continue the second day of the trial to another date when attorney Menin could testify.  Attorney Menin had been available to testify during the first day of trial.  *See* annexed **Exhibit "G"**, p. 39.  Defendant gave Justice Quinn an affidavit that attorney Menin had submitted, and that Defendant had filed with the trial court relative to prior motions in this matter.  *See* annexed **Exhibit "H"**, p. 41.  Defendant stated that attorney Menin would be testifying to those matters, including but not limited to conversations between attorney Menin and Gary Meltzer, Esq., the managing partner of Plaintiff relative to Plaintiff's unwillingness to settle this dispute, Plaintiff's stated objective of running up its bill, and other matters that had a direct bearing on the reasonableness of Plaintiff's attorney's fees. Notwithstanding, Justice Quinn would not allow Mr. Menin to testify.

15.     Further, Justice Quinn ruled against Defendant's motion *in limine* to exclude Plaintiff's evidence relative to its attorney's fees.  Defendant brought his motion *in limine* before Judge Quinn and presented Justice Quinn with a memorandum of law in support of Defendant's motion.  *See* annexed **Exhibit "I"**, p. 43.  Specifically, the Defendant's brief pointed out that no New York court had allowed a plaintiff to collect attorney's fees when the plaintiff was representing itself.  Plaintiff filed a brief in opposition to Defendant's motion.  *See* annexed **Exhibit "J"**, p. 52 [emphasis added] .  Plaintiff's brief cited no case to refute Defendant's argument that no New York court had allowed a plaintiff to collect attorney's fees *pro se*.

Nevertheless, judge Quinn disallowed Defendant's motion and allowed Plaintiff to enter into evidence testimony as to its own attorney's fees.

16. Further still, Justice Quinn allowed numerous objections raised by the Plaintiff with respect to Defendant's direct examination of Defendant's expert witness who was testifying as to the reasonableness of the amount of Plaintiff's legal fees that it sought to collect from the Defendant. Justice Quinn provided no basis for his objections. At one point Justice Quinn stated that he would allow Defendant's questioning of Defendant's expert if Defendant's questions were in the form of a hypothetical. A party can obtain the opinion of an expert without resort to formulating questions as hypotheticals. See New York State Unified Court System, Rules of Evidence §7.01 (5) (a), attached hereto as **Exhibit "K"**, p. 57. By allowing the objections of the Plaintiff to Defendant's direct examination of Defendant's expert witness, Justice Quinn excluded from evidence relevant testimony, that was unrefuted by any witness of the Plaintiff, who presented no expert to rebut the testimony of Defendant's expert witness.


## ARGUMENT

### POINT I
### NEW YORK ALLOWS FOR INTERLOCUTORY APPEALS

**A.** **Legislative History Supports Defendant's Right to Bring and Interlocutory Appeal**

17. In this matter, the Clerk's office of the Appellate Division improperly dismissed the Defendant's appeal believing that the absence of a judgment somehow prevented an appeal as to the trial. This was wrong, given that in New York, since the creation of the appellate division, interlocutory appeals have been allowed.

18.     An interlocutory appeal is an appeal taken before the case reaches a final judgment, that is, while the rest of the case proceeds. New York's civil procedure law provides that in a case originating in the Supreme Court (as opposed to, for example, small claims court), a party may appeal from almost "any final *or interlocutory*" judgment (CPLR § 5701(a), emphasis added).

19.     Simply put, in New York, a party may appeal, by right, almost any civil interlocutory order. CPLR § 5701(a)(2). This makes New York one of the most liberal jurisdictions in the United States. (See, *La Buy v. Howes Leather Co.*, 352 U.S. 249, 268 (1957) (Brennan, J., dissenting) (citing N.Y. Civ. PRAC. ACT § 609 as an "extreme example"). See also *Mottolese v. Kaufman*, 176 F.2d 301, 308 (2d Cir. 1949) (Frank, J., dissenting) (mentioning New York allows numerous interlocutory appeals by right).

20.     In the Constitution of 1894, the New York Legislature created the appellate division.  At that time, the Code of Civil Procedure ("Code") governed practice in New York. Under the Code, New York deviated substantially from the final judgment rule. The Code allowed a party to appeal by right numerous interlocutory orders to the appellate division.

21.      In 1962, the legislature enacted CPLR 5701. CPLR 5701 separates interlocutory orders that may be appealed by right, and those that require permission. The orders that are appealable by right are essentially the same types of orders that were appealable under the prior Civil Practice Act (CPA). Under the CPA, a party was still entitled to appeal by right almost any interlocutory order to the appellate division.

22.     Under section 609 of CPA, an order is appealable by right: 1) Where the order grants, refuses, continues or modifies a provisional remedy; or settles, or grants, or refuses an application to resettle a case on appeal or a bill of exceptions. 2) Where it grants or refuses a new

trial; except that where specific questions of fact arising upon the issues in an action triable by the court have been tried by a jury, pursuant to an order for that purpose, an appeal cannot be taken from an order granting or refusing a new trial upon the merits. **3) Where it involves some part of the merits. 4) Where it affects a substantial right.** 5) Where, in effect, it determines the action and prevents a judgment from which an appeal might be taken. 6) Where it determines a statutory provision of the state to be unconstitutional; and the determination appears from the reasons given for the decision thereupon or is necessarily implied in the decision. (See, N.Y. Laws 214-15 (repealed 1962)). [Emphasis added].

23.     The Legislative history of CPLR 570 is contained in the 6TH REPORT LEG. Doc. 1962 No. 8, at 554, 556 (stating interlocutory orders appealable by right under the new CPLR are "substantially the same as present section 609 of the Civil Practice Act-which is broader than that of other American jurisdictions in authorizing immediate appeals . . . .").

24.     Based on the foregoing, the Court erred by wrongfully dismissing the Defendant's appeal.


**B.      Because Defendant's Interlocutory Appeal addresses the Merits and Substantial Rights of the Case, it Should not have been Dismissed**

25.     New York's generous interlocutory appealability is due largely to provision four, allowing appeal for orders that "[involve] some part of the merits" and provision five, allowing appeal for orders that "[affect] a substantial right." These two provisions are "enormous magnets, overlapping the other listed grounds."(SIEGAL, supra note 2, at 816).

26.     Most orders that are appealable by right fall within the "substantial right" provision. (See, e.g., *Turrisi v. Ponderosa, Inc.*, 179 A.D.2d 956, 578 N.Y.S.2d 724 (3d Dep't 1992) (holding a

substantial and important right had been affected and it was in the interest of justice to permit an appeal when the lower court's finding might prejudice the party in a future proceeding); *General Elec. Co. v. Rabin*, 177 A.D.2d 354, 576 N.Y.S.2d 116 (1st Dep't 1991) (holding an order of reference to a referee to hear and report on the issue of jurisdiction was appealable because it affects a substantial right in that it would force one party or the other to submit to a lengthy expensive hearing); *Danzig v. Bank*, 96 A.D.2d 803, 466 N.Y.S.2d 343 (1st Dep't 1983) (permitting withdrawal of a party's motion to strike opposing party's affirmative defense is an appealable order because it effects the parties substantial rights as effectively as a denial of a motion); *Sherman v. Morales*, 50 A.D.2d 610, 375 N.Y.S.2d 377 (2d Dep't 1975) (holding a party's right is substantially affected by an order denying that party's motion to implead itself as a party defendant)).

27.     Based on the foregoing facts herein, there was serious judicial error in the lower Court, given Justice's Quinn's wrongfully decisions both before and during the trial including, but not limited, to:

    a.  Allowance of Plaintiff's motion for a pre-judgment attachment without taking into consideration relevant factors set forth in *VisionChina Media Inc. v. Shareholder Representative*, 109 A.D.3d 49 (2013);

    b.   exclusion of Defendant's witness and witness testimony, which clearly establishes the veracity of the Defendant's appeal;

    c.  Ignoring well-established New York law that prevents a plaintiff representing itself from collecting attorney's fees from a defendant;

    d.  Allowing Plaintiff to present witnesses at trial after Plaintiff had wilfully refused to disclose the identity of its witnesses to Defendant; and

e.  Denying Defendant an opportunity to submit pleadings in a form acceptable to the Trial Court, which pleadings would have authenticated the facts underlying Defendant's counterclaims against the Plaintiff.

28.  As such, the Defendant's motion should be granted in its entirety.

**POINT II**
**COURT RULES ALLOW FOR VACATURE OF DISMISSALS**

29.  In accordance with 22 NYCRR 1250.10(c), "When an appeal or proceeding has been deemed dismissed pursuant to subdivision (a) of this section or by order of the court for failure to perfect, a motion to vacate the dismissal may be made within one year of the date of the dismissal. In support of the motion, the movant shall submit **an affidavit setting forth good cause for vacatur of the dismissal, an intent to perfect the appeal or proceeding within a reasonable time, and sufficient facts to demonstrate a meritorious appeal or proceeding**." [Emphasis added].

30.  In this matter, good cause exists to vacate this administrative dismissal for two reasons; (i) New York allows for interlocutory appeals and (ii) the Defendant's appeal is meritorious given the judicial errors that occurred during the trial. The errors at issue in this appeal are more fully described forth above. However, for the sake of brevity the descriptions herein superficially summarize those errors.  The full complement of errors and more detailed descriptions of those errors will be more fully set forth in the Defendant's appellate brief.

**A.    Judicial Error**

31.     As set forth above, the Clerk's Office of this Appellate Division, unilaterally and quietly, without providing notice to the Defendant, dismissed the Defendant's appeal based on a faulty understanding of New York procedure. Given the long-standing laws in the state of New York, this should not stand.

32.     Courts will not allow litigants to suffer from Court administrative mistakes. "The evidence demonstrates that plaintiffs' case was not marked off, struck from the calendar, or unanswered on a clerk's calendar call, but rather was marked 'disposed,' through no fault of plaintiffs, as a result of a clerk's error. Its dismissal was therefore a nullity, and the subsequent refusal to restore the action to the calendar was error" *Fillas v. Hyon Mun Cho*, 296 A.D.2d 356, 356.

33.     "Since the case was not marked off or unanswered at a calendar call, but was marked "disposed," apparently as a result of a clerk's error, restoration of the action was automatic upon plaintiff's motion (*see Khaolaead v Leisure Video*, 18 AD3d 820, 796 N.Y.S.2d 637 [2005]." *Egan v Trump Park Ave., LLC*, 36 Misc. 3d 128(A), 128A.  Should the next numbered paragraph be a part of this paragraph?

34.     "Preliminarily, a review of the oral argument before Justice Hagler on June 17, 2019 revealed that Plaintiff's amended complaint, originally filed with the New York County Clerk on December 4, 2018, while the underlying motion to dismiss was pending, was apparently erroneously rejected. Plaintiff's precipitous amendment, the confusion concerning the clerk's error and the pending motion to dismiss the original complaint delayed Defendants motion to dismiss the amended complaint. Given these circumstances, this Court will proceed as if both the

amended complaint and Defendants' motion to dismiss were timely filed." *Draughn v Roker,*
*2019 N.Y. Misc. LEXIS 5863, *5-6*.

35.     Given the administrative error herein, this matter must be restored to the active calendar
and the Defendant should be given an appropriate amount of time in which to prepare and submit
his brief.


**POINT III**
**INTEREST OF JUSTICE**

36.     The Defendant seeks relief from this Court's administrative error not only based on the
foregoing, but also in the interest of justice.

37.     The Appellate Division has the power in both civil and criminal proceedings to review
"any question of law or issue of fact involving error or defect***which may have adversely
affected the appellant" (see, N.Y. Criminal Procedure Law [CPL] §470.15[a][1]).
Notwithstanding that this matter is a civil matter and not a criminal matter, the broad,
comprehensive scope of intermediate appellate review, whether civil or criminal, includes
discretionary jurisdiction to consider a point raised for the first time on appeal in "the interest of
justice."

38.     Given the power of this Court, not only should the Defendant be allowed to move
forward with this appeal, but in the "interest of justice" should be allowed to question not simply
the lower Court trial, but also the effects and damages that have improperly arisen as a result of
the Trial Order.

39.     Because the Appellate Division has the power to review both "questions of law and questions of fact" (CPLR 5501[c]), as well as questions involving the exercise of judicial discretion, that court has inherent power to consider a point raised for the first time on appeal in "the interest of justice."

40.     Generally, the Appellate Division focuses on whether the belatedly challenged ruling constituted a "fundamental error" that prevented proper consideration of a core issue, and thus, materially affected the outcome of the proceedings. See, e.g., *Pivar v. Graduate School of Figurative Art*, 290 A.D.2d 212, 213 (1st Dept. 2002).

41.     As set forth above, there a number of "fundamental errors" that must be addressed and, as such, the Defendant's motion must be granted.

**CONCLUSION**

42.     When applying the broad mandate allowing the appeal of orders that affect the rights of a party to the decisions made by Judge Quinn in this trial, Defendant should be allowed to pursue his Appeal, and this Court was in error when it dismissed Defendant's appeal on February 28, 2024.

43.     Based on the foregoing, it is respectfully requested that this motion be granted and that an Order be issued (i) pursuant to the Rules of the Appellate Division, Second Department, specifically 22 NYCRR 1250.10(c), to vacate the improper administrative dismissal of the Defendant-Appellant Peter Kelman's Notice of Appeal filed by the Defendant on December 1, 2023 and Defendant's right to appeal the Order of the lower Court dated October 26, 2023, in

accordance with Article 55 of the New York C.P.L.R., and to restore the aforesaid Appeal to the Court's calendar (ii) to extend the time to perfect the aforesaid Appeal for sixty (60) days from the date of the granting of this motion, and (iii) and for such other and further relief as the Court may deem just and proper.

Dated:      Amesbury, Massachusetts
           July 1, 2024

                            PETER KELMAN

**COMMONWEALTH OF MASSACHUSETTS**  )
                                   )
**COUNTY OF ESSEX**                      )

On the _1_ day of July in the year 2024 before me, the undersigned, personally appeared Peter Kelman, personally known to be or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual executed the instrument, and that such individual made such appearance before the undersigned in Essex County, Commonwealth of Massachusetts.

NOTARY PUBLIC

*[Notary seal: Kloe Barry, My Commission Expires 4/3/2031, NOTARY PUBLIC, COMMONWEALTH OF MASSACHUSETTS]*

# Index to Exhibits

| Exhibit # | Title | Page |
|---|---|---|
| A | <u>Notice of Appeal</u> | 17 |
| B | Notice of Docketing Appeal | 26 |
| C | Email from Appellant-Defendant to Appeals Clerk, April 24, 2024 | 27 |
| D | Dismissal Order from Appellate Division, February 28, 2024 | 28 |
| E | Email from Appeals Court Clerk regarding notice of dismissal, dated April 24, 2024 | 29 |
| F | Defendant's Motion in Limine re: Plaintiff's Witnesses | 30 |
| G | Letter from Defendant to Justice Quinn re: availability of Defendant's wintess, Geoffrey Menin, Esq., dated October 11, 2023 | 39 |
| H | Affidavit of Geoffrey Menin, Esq. | 41 |
| I | Defendant's Motion in Limine re: Plaintiff's Evidence of its *pro se* attorney's fees | 43 |
| J | Plaintiff's Opposition Memo to Defendant's Motion in Limine re: Plaintiff's Evidence of its *pro se* attorney's fees | 52 |
| K | <u>New York State Unified Court System, Rules of Evidence §7.01</u> | 57 |



**PETER KELMAN, ESQ.**
ATTORNEY AT LAW
500 UNICORN PARK DRIVE, STE. 300
WOBURN, MASSACHUSETTS 01801

WWW.KELMANLAW.COM
PKELMAN@KELMANLAW.COM

PHONE: (508) 314 - 0943

**By NYSUCS Electronic Filing**

December 1, 2023

Clerk, Civil Session
Nassau County Supreme Court
100 Supreme Court Drive
Mineola, NY 11501

**_Re:     Meltzer Lippe v Kelman, C.A. #612270/2020, Notice of Appeal, Decision After Trial_**

Dear Clerk:

Attached please find the enclosed documents:

1. Notice of Appeal of Decision After Trial;
2. Informational Statement of Notice of Appeal;
3. Notice of Entry of Decision After Trial, November 2, 2023, Docket # 202; and
4. Proof of Service.

Please file accordingly.

Please contact me if any further documents or information is needed.

Thank you.

Sincerely yours,

Peter Kelman, Esq.

Enc.

Cc: Thomas McGowan, Esq. (by email)

[Fill in the spaces next to the instructions. Other spaces are for Court use.]
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------------x

Meltzer, Lippe, Goldstein & Breitstone, LLP

**[1. Index No. & Year]**
Index No.

_____,
**[2. Fill in name(s)]**        Plaintiff(s)/Petitioner(s)

612270    / 2020
NOTICE OF APPEAL

-against-

Peter Kelman

_____,
**[3. Fill in name(s)]**        Defendant(s)/Respondent(s)
-----------------------------------------------------------------------------x

To the Person (s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT **[4. Insert Your Name]**  Peter Kelman

hereby appeals to the Appellate Division of the Supreme Court of the State of New York,

from a **[5. Insert Judgment/ Order/ Decree]** Decision After Trial

of the **[6. Insert Name of Court]** Supreme                          , Court, Nassau

County, dated **[7. Insert date of Judgment/ Order/ Decree]** Entered: November 2, 2023

**[8. Date and County papers are signed in]**

Dated: December 1, 2023

County: Middlesex County

       Massachusetts

**[9. Your Signature]**
Peter Kelman
**[10. Your Name]**
500 Unicorn Park Drive, Ste. 300
**[11. Your Address]**
Woburn, MA  01801
**[12. City, State & Zip Code]**
508-314-0943
**[13. Your Phone Number]**

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department
Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Meltzer Lippe, Goldstein, Breitstone, LLP | |
| - against - | Date Notice of Appeal Filed |
| Peter Kelman | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ☐ Commercial | ■ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ■ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ■ Judgment | ☐ Resettled Judgment | |

| | | |
|---|---|---|
| Court: **Supreme Court** | County: **Nassau** | |
| Dated: 10/26/2023 | Entered:11/2/2023 | |
| Judge (name in full): Christopher Quinn | Index No.: 612270/2020 | |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | Trial: ■ Yes ☐ No   If Yes: ☐ Jury ■ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?  ■ Yes ☐ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.
 Appellate Division : Second Department: 2023-02846
Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| | |
|---|---|
| Commenced by:  ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| | |
|---|---|
| Court: **Choose Court** | County: **Choose County** |
| Judge (name in full): | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| | |
|---|---|
| Court: **Choose Court** | County: **Choose County** |
| Judge (name in full): | Dated: |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.
This is an appeal from the Decision After Trial issued by Judge Quinn. Judge Quinn awarded the Plaintiff $203,464.50 on an underlying collectible of $21,000. In other words, Judge Quinn ruled that a plaintiff law firm was entitled to collected over $180,000 for its own pro se attorney's fees. And that such an amount consituted "reasonable attorney 's fees with respect to the collection of a $21,000 debt. Defendant seeks⊞

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

1. That it was improper to dismiss Defendant's counterclaim, becuase it was not in a proper form, without giving Defendant the opportunity to cure procedural defects;

2. That Plaintiff had properly served Defendant with a Notice to Arbitrate, even though Plaintiff had no proof that Defendant had received said notice by certified mail and Defendant offered evidence that he had not recieved said notice by Certified mail;

3. It was improper for the court to allow a pre-judgment attachment in the amount of $44,000 of Defendant's funds where Plaintiff offered no evidence to the court that Defendant was insolvent or would be unable to pay a judgment, if a judgment were entered against Defendant;

4. The Court improperly excluded Defendant's personal attorney, Geoffrey Menin, Esq. as a witness at trial, where Defendant has provided an offer of proof of attorney Menin's evidence which consisted of attorney Menin's first-hand knowledge about the behavior of the Plaintiff's attorneys and was relevant to

**Party Information**

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|------------|-----------------|---------------------------|
| 1 | Meltzer Lippe | Plaintiff | Respondent |
| 2 | | | |
| 3 | Peter Kelman | Defendant | Appellant |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: Thomas McGowan, Meltzer Lippe, pro se | | | |
|---|---|---|---|
| Address: 190 Willis Avenue | | | |
| City: Mineola | State: New York | Zip: 11501 | Telephone No: 516.747.0300 |
| E-mail Address: tmcgowan@meltzerlippe.com | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ■ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

Informational Statement - Civil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------------X

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP,       Index No.: 612270/2020

                                Plaintiff,       **NOTICE OF ENTRY**

              -against-

PETER KELMAN,

                                Defendant.

-----------------------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that annexed hereto is a true and correct copy of the Decision

After Trial of the Honorable Christopher G. Quinn, J.S.C. dated October 26, 2023 and duly

entered in the Office of the Clerk of the Supreme Court of the State of New York, County of

Nassau on November 2, 2023.

Dated: Mineola, New York
          November 2, 2023

                          **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

              By: ***/s/ Thomas J. McGowan***
                 Thomas J. McGowan
                 190 Willis Avenue
                 Mineola, New York 11501
                 (516) 747-0300
                 F: (516) 237-2893
                 *Attorneys for Plaintiff*

c.c.:   Peter Kleman (Via NYSCEF)
         500 Unicorn Park Drive, Suite 300
         Woburn, Massachusetts  01801

4893-9903-5246 v.1

SHORT FORM ORDER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU   CIVIL  TERM   PART 16

Present:  HON. CHRISTOPHER G. QUINN
           Justice of the Supreme Court

---

MELTZER, LIPPE, GOLDSTEIN, BREITSTONE, LLP,

                                 INDEX NO: 612270/2020

                      Plaintiff,

     -against-

PETER KELMAN,

                      Defendant.

---

Decision After Trial

      The bench trial on the issue of damages in this action was held on October 5, 2023 and October 13, 2023.  Both sides presented witnesses and exhibits for the Court's consideration.

      Based upon the documentary evidence, the credible testimony, and arguments of counsel, the Court hereby awards plaintiff MELTZER, LIPPE, GOLDSTEIN, BREITSTONE, LLP damages in the amount of $203,464.50.

      Plaintiff's request for sanctions is hereby Denied.

      Plaintiff to submit judgment on notice within 20 days of the date of entry of this Order.

      This constitutes the Decision and Order of the Court.

It is **SO ORDERED**.

                                       HON. CHRISTOPHER G. QUINN, J.S.C.

Dated:   OCT 2 6 2023

**ENTERED**
**Nov 02 2023**
NASSAU COUNTY
COUNTY CLERK'S OFFICE

**<u>CERTIFICATE OF SERVICE</u>**

I, **PETER KELMAN,** hereby certify that I have given notice of filing of the following documents to Plaintiff, Meltzer, Lippe, Goldstein & Breitstone, LLP, by sending to Plaintiff, care of Tom McGowan, Esq., by email and by United States Priority mail said documents to same as of December 1, 2023.



_____
PETER KELMAN

1.  **Cover Letter to Clerk of the Court;**

2.  **Notice of Appeal of Decision After Trial;**

3.  **Informational Statement;**

4.  **Notice of Entry of Decision After Trial, dated November 2, 2023, <mark>Docket # 202</mark>; and**

5.  **Proof of Service.**

1



SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT

February 23, 2024

Peter Kelman
500 Unicorn Park Drive
Suite 300
Woburn, MA 01801

A file has been opened in the case of:

TITLE:  Meltzer, Lippe, Goldstein & Breitstone, LLP v Kelman
COURT:  Supreme          COUNTY:  Nassau        PAPER:  Order
DATED:    10/26/2023      INDEX NO.: 612270/2020

This case has been assigned the following number on the **docket** of this court:

**2024-01760**

ALL PAPERS AND CORRESPONDENCE RELATING TO THIS MATTER MUST HEREAFTER BEAR THIS CASE NUMBER.

THIS LETTER NOTIFICATION OF THE ASSIGNED DOCKET NUMBER DOES NOT RELIEVE THE APPELLANT OF THE OBLIGATION TO INITIALIZE THE APPEAL ON NYSCEF. IF THIS MATTER IS REQUIRED TO BE E-FILED ON NYSCEF, THE APPELLANT MUST TAKE ALL NECESSARY STEPS TO INITIALIZE IT ON NYSCEF IN THE APPELLATE MODULE.

Darrell M. Joseph
Acting Clerk of the Court



# *Exhibit C*



| | |
|---|---|
| **Subject:** | RE: Question from website |
| **Date:** | Wednesday, April 24, 2024 at 12:46:05 PM Eastern Daylight Time |
| **From:** | AD2-ExtensionofTime |
| **To:** | pkelman |
| **Attachments:** | 2024-01760.pdf |

Good Morning:

The appeal you reference has been dismissed per the attached order.

Thank you,
Dalia

---

**From:** Peter Kelman <pkelman@kelmanlaw.com>
**Sent:** Wednesday, April 24, 2024 11:05 AM
**To:** AD2-ExtensionofTime <ad2-extensionoftime@nycourts.gov>
**Cc:** Peter Kelman <pkelman@kelmanlaw.com>
**Subject:** Question from website

Attn: Motions Clerk

I am the pro se appellant in the case of Meltzer Lippe v Kelman, #2024-01760.

My notice of appeal was dated December 1, 2023.  I appealed a judgment entered in the Nassau County Supreme Court dated 10/26/23, and entered 11/2/2023.   My appeal was docketed 2/23/2024.

What date is the 6 month deadline for filing appeal brief with this court?

Thank you.

**Peter Kelman, Esq.**

www.kelmanlaw.com
ph:   (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA  01801

Please be CAREFUL when clicking links or opening attachments from external senders.



## Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M294536
AFA/

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

———————————————————

2024-01760                                    DECISION & ORDER ON MOTION

Meltzer, Lippe, Goldstein & Breitstone, LLP,
respondent, v Peter Kelman, appellant.

(Index No. 612270/2020)

———————————————————

Appeal from a decision of the Supreme Court, Nassau County, dated October 26, 2023.

On the Court's own motion, it is

ORDERED that the appeal is dismissed, without costs or disbursements, on the ground that no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Co.*, 100 AD2d 509).

LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.

ENTER:

Darrell M. Joseph
Acting Clerk of the Court

February 28, 2024
MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP v KELMAN

# *Exhibit E*

**Subject:** RE: Question from website
**Date:** Wednesday, April 24, 2024 at 4:25:25 PM Eastern Daylight Time
**From:** AD2-ExtensionofTime
**To:** pkelman
**CC:** pkelman

Good Afternoon:

The court's orders are available on its website and is the official manner how they are released [see 22 NYCRR 1250.16(a)] . They are not sent individually to counsel/parties.

-Dalia

**From:** Peter Kelman <pkelman@kelmanlaw.com>
**Sent:** Wednesday, April 24, 2024 3:30 PM
**To:** AD2-ExtensionofTime <ad2-extensionoftime@nycourts.gov>
**Cc:** pkelman <pkelman@kelmanlaw.com>
**Subject:** Re: Question from website

Dalia,

Thank you for this email and copy of the order. I never received a notification of this order. Do you have any document stating the order was emailed or sent to me by u.s. mail?

Thank you.

**Peter Kelman, Esq.**

www.kelmanlaw.com
ph: (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA 01801

**From:** AD2-ExtensionofTime <ad2-extensionoftime@nycourts.gov>
**Date:** Wednesday, April 24, 2024 at 12:46 PM
**To:** Pbk Office <pkelman@kelmanlaw.com>
**Subject:** RE: Question from website

Good Morning:

The appeal you reference has been dismissed per the attached order.

Thank you,
Dalia


*Exhibit F*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NASSAU                    Index No. 612270/2020

---

Meltzer, Lippe, Goldstein, Breitstone, LLP,

       Plaintiff

v.

Peter Kelman,

       Defendant

---

## DEFENDANT'S MOTION IN LIMINE

**DEFENDANT** hereby moves this court for an order in limine to exclude all testimony and evidence to be produced at trial by the Plaintiff due to Plaintiff's refusal to disclose to the Defendant the identity of Plaintiff's witnesses. Further, Plaintiff has not disclosed to the Defendant a definitive list of documents Plaintiff intends to introduce as evidence at trial.

Defendant attaches his memorandum of law in support of this motion.

**WHEREFORE**, for all of the reasons cited above, Defendant respectfully requests that this Court not allow the Plaintiff to offer any evidence at trial, and consequently, issue a directed verdict in favor of the Defendant.

October 4, 2023

1

Defendant,

_____
PETER KELMAN

500 Unicorn Park Drive, Ste. 300
Woburn, MA. 01801
(508) 314-0943

## CERTIFICATE OF SERVICE

I, **PETER KELMAN,** hereby certify that I have given notice of filing of the following documents to Plaintiff, Meltzer, Lippe, Goldstein & Breitstone, LLP, by sending to Plaintiff, care of Tom McGowan, Esq., by email said documents to same as of October 4, 2023.

_____
PETER KELMAN

1. **DEFENDANT'S MOTION IN LIMINE**

2. **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE**

2

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NASSAU**                                    **Index No. 612270/2020**

---

Meltzer, Lippe, Goldstein, Breitstone, LLP,

        Plaintiff

v.

Peter Kelman,

        Defendant

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE

Defendant submits this memorandum of law in support of his motion in limine requesting that this Court exclude all evidence offered at trial by the Plaintiff for the following reasons:

1. **Plaintiff has flagrantly ignored Defendant's multiple requests to identify its witnesses, after this Court told the Parties that Plaintiff had to provide a witness at trial.**

    A. On September 26, 2023, Ms. Lisa Garry, secretary to Judge Quinn, sent an email to the Parties informing them of the evidentiary requirements for the October 5, 2023 hearing in this case. Ms. Garry wrote, "The Court assumes the

plaintiff will be producing documents and at least one witness to substantiate the claims." *See* **Exhibit A**.

B.    On September 29, 2023 Defendant emailed Plaintiff asking for the identity of Plaintiff's witness. *See* **Exhibit B**. Plaintiff did not respond.

C.    On October 3, 2023, Defendant emailed Plaintiff and again asked for the identity of Plaintiff's witness. *See* **Exhibit C**. Plaintiff did not respond.

D.    On October 4, 2023, Defendant emailed Plaintiff yet again asked for the identity of Plaintiff's witness. *See* **Exhibit D**. Plaintiff did not respond.

E.    On September 29, 2023 Defendant disclosed the identity of his expert witness to Plaintiff. Plaintiff made no inquiry as to the expected testimony of Defendant's expert. Nevertheless on October 3, 2023, Defendant filed with this Court, and emailed the Plaintiff, with expert disclosures consistent with CPLR 3101, even though Plaintiff had made no request for such disclosure.

F.    Because Plaintiff was flagrantly ignored this Court's statement that it should produce a witness at the October 5, 2023 hearing and has failed to disclose the identity of its witness to Defendant so that Defendant could prepare his examination of the witness, this Court should exclude all testimony offered by the Plaintiff at trial.

2.  **Because Plaintiff cannot support its case with evidence, this court should enter a directed verdict in favor of Defendant.**

Plaintiff has the burden of proof at trial. Without evidence, a plaintiff cannot prevail. In this case, where Plaintiff should be barred from offering any evidence at trial, a directed verdict in favor of the Defendant is appropriate.

**Conclusion**

For all of the reasons set forth above, Defendant requests that this Court exclude all evidence offered by the Plaintiff and direct a verdict in favor of the Defendant in this case.

October 4, 2023

Defendant,

_____
PETER KELMAN
230 Second Avenue, Suite 110
Waltham, MA 02451-2010
(781) 684-8448

# *Exhibit A*

**Subject:** RE: Meltzer Lippe v Kelman, 612270/2020
**Date:** Tuesday, September 26, 2023 at 12:30:18 PM Eastern Daylight Time
**From:** Lisa Garry
**To:** Peter Kelman
**CC:** Tom McGowan

Good Afternoon,

The hearing is scheduled pursuant to the email below sent by Judge Quinn's Law Clerk.

This is an evidentiary hearing.  The Court assumes the plaintiff will be producing documents and at least one witness to substantiate the claims.

If you have evidence or witnesses, be prepared to produce the same on **October 5, 2023 at 11:00 a.m.**

Thank you,

Lisa Garry
Secretary to the Hon. Christopher Quinn
Supreme Court
Mineola, NY  11501
(516) 493-3188
(516) 493-3075 fax


**From:** Stephanie Rafalowski
**Sent:** Wednesday, August 23, 2023 1:23 PM
**To:** tmcgowan@meltzerlippe.com; mross@meltzerlippe.com; pkelman@kelmanlaw.com
**Subject:** RE: 612270/2020 Meltzer, Lippe, Goldstein

Good Afternoon,

The Court is in receipt of correspondence from plaintiff's counsel requesting that the Court schedule an evidentiary hearing on the issues of attorneys' fees and sanctions against the defendant.
The hearing will be held on October 5, 2023 at 11:00am.

Have a nice rest of the week.

Thank you.

Best,

Stephanie M. Rzeszut, Esq.
Principal Law Clerk to the


***Exhibit B***

| | |
|---|---|
| **Subject:** | Re: Proposed Stipulation as to trial exhibits |
| **Date:** | Friday, September 29, 2023 at 4:17:05 PM Eastern Daylight Time |
| **From:** | Peter Kelman |
| **To:** | Tom McGowan |
| **CC:** | Peter Kelman |
| **Attachments:** | image001.png |

Tom,

I have been busy but read the stipulation today.  I am OK with saying that those documents were attached as exhibits to court pleadings.  I am not ok saying that those documents are true because I contest the content contained in some of them.  As the court advised earlier this week, they expect that you will bring a witness to authenticate your billings.  So it is not clear to me what a stipulation will accomplish.  Please advise who you witness will be.

I am hereby advising you that I will be presenting as an expert witness, Frank Napoli, Esq., who will testify as to the reasonableness, or lack therof, of the amount of attorney's fees you seek to collect from me.

My reading of CPLR 3101 is that I have to provide information about expert testimony, upon request.  You have made no such request.

But if you would like a summary of his expected testimony in accordance with CPLR 3101, I am happy to provide it.

Thank you.


**Peter Kelman, Esq.**

[www.kelmanlaw.com](www.kelmanlaw.com)
ph:  (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA  01801



**Subject:** Re: Proposed Stipulation as to trial exhibits
**Date:** Tuesday, October 3, 2023 at 6:34:42 PM Eastern Daylight Time
**From:** Peter Kelman
**To:** Tom McGowan
**CC:** Peter Kelman

Tom,

On September 29th, I asked you who your witness(es) will be at the hearing on 10/5 (see below highlighted).  On October 26th you were advised by the Court that you should be presenting a witness to substantiate your documentary evidence.  You have failed to tell me who your witness will be.  I ask once, without waiving any right to object to this late disclosure, who will be your witness(es).

**Peter Kelman, Esq.**

www.kelmanlaw.com
ph:   (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA  01801



**Subject:** Your failure to disclose the identity of your witness
**Date:** Wednesday, October 4, 2023 at 1:59:38 PM Eastern Daylight Time
**From:** peter kelman
**To:** Tom McGowan
**CC:** Pbk Law Office

Mr. Mcgowan,

It is now less than 24 hours before our trial tomorrow. And you have failed to identify the person who will be your witness with respect to the documents you'll be presenting in court tomorrow. Please be advised that I will ask the court to strike any witness or any testimony of such a witness on the grounds that your failure to identify that witness as prejudiced my ability to prepare cross-examination. Twice I have asked you to identify your witness and twice you have ignored my requests.

I am now traveling to New York City and have no ability whatsoever to process new information about this case.

I have no idea why you failed to tell me who your witness would be.

Thank you.

Peter Kelman
500 Unicorn Park Drive, Suite 300
Woburn, Mass. 01801

pkelman@kelmanlaw.com
www.kelmanlaw.com

wk: (508) 314 - 0943



**PETER KELMAN, ESQ.**
ATTORNEY AT LAW
500 UNICORN PARK DRIVE, SUITE 300
WOBURN, MASSACHUSETTS 01801

_____

WWW.KELMANLAW.COM                                                                    PHONE: (508) 314 - 0943
PKELMAN@KELMANLAW.COM

**_Via NYSCEF and Email lgarry@nycourts.gov_**

October 11, 2023

The Honorable Christopher G. Quinn
Supreme Court of the State of New York
County of Nassau
100 Supreme Court Drive
Mineola, New York 11501

Re:    **Meltzer, Lippe, Goldstein & Breitstone, LLP v. Peter Kelman**
         **Index No. 612270/2020**

Dear Justice Quinn:

I am writing to inquire whether a witness in this matter can appear virtually. As you recall, we adjourned Thursday's hearing and agreed to continue and conclude the hearing this coming Friday, October 13, 2023. I would like to request that Geoffrey Menin, Esq. be allowed to testify at Friday's hearing virtually. Attorney Menin will be providing rebuttal testimony to the testimony of Attorney McGowan, and will be offering new testimony in support of my defense.

Attorney Menin is a material witness to this case. He is my personal attorney; he was not my "college roommate" as Attorney McGowan described him. Attorney Menin was available to testify last Thursday. This week he is Ireland on a business trip and is unable to be back in New York this Friday to testify. He has been advised that he has excellent Internet connectivity where he is located, and would not anticipate any difficulties providing testimony by some electronic means such as Zoom, or Teams or whatever platform this Court uses. In light of the time difference between Ireland and the United States, it would be appreciated if Attorney Menin could be the first witness to testify after our lunch break on Friday.

Please advise if this is acceptable to the Court, and if so, what needs to be done for Attorney Menin to testify virtually.

Thank you.

Sincerely yours,

Peter Kelman

cc: Thomas McGowan, Esq. (Via NYSCEF)

# *Exhibit H*

I, Geoffrey Menin, hereby declare under the pains and penalties of perjury, that the following is known by me to be true, either by personal knowledge, or upon information and belief:

1. My name is Geoffrey Menin. 1 am an attorney and have been licensed to practice law in New York since 1978.

2. I was engaged to represent Peter Kelman on or about December 2018, in connection with matters concerning his mother's estate and his father's trust. Peter came to rely on me to advise him on all aspects of both matters, including the supervision or oversight of his litigation counsel.

3. I was involved when Peter engaged Meltzer Lippe at the suggestion of my colleague, Stuart Goldstein, and I had many conversations with Peter during the period during which Meltzer Lippe represented him.

4. For most of the time, the partner assigned to work with Peter was David Bamdad. Throughout the time Mr. Bamdad worked with Peter, Peter complained that Bamdad did not follow Peter's instructions and requests, that he spoke to counsel for the public administrator without Peter's knowledge or consent and took positions which were inconsistent with what Peter requested. Peter also complained that Mr. Bamdad tended not to contact him during customary business hours, but instead was available in the evenings after the regular workday had ended. At times, it seemed to me that Peter's matter was more of an afterthought for Mr. Bamdad.

5. Eventually Peter terminated David Bamdad, but was persuaded by Gary Meltzer, one of the managing partners of Meltzer Lippe, to work with Tom McGowan, another litigation

attorney at the firm. I had very little contact with McGowan, but after Peter decided to rely upon him, Tom summarily terminated Peter as a client.

6. I tried to resolve matters on Peter's behalf with Gary Meltzer, including a settlement of the fees the firm felt Peter owed to them. Peter felt strongly that they had not represented him properly or in accordance with his instructions, and that McGowan's termination was wrongful and damaging.

7. My efforts to resolve matters with Gary Meltzer were unsuccessful. Gary did not seem to have much room to negotiate or find a middle ground to settle. He told me that Mr. McGowan would rather sue Peter 'for sport' than settle the matter for some number less than their demand.

Signed under the pains and penalties of perjury this 14th day of June, 2021

Geoffrey Menin



SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NASSAU                    Index No. 612270/2020

---

Meltzer, Lippe, Goldstein, Breitstone, LLP,

      Plaintiff

v.

Peter Kelman,

      Defendant

---

## DEFENDANT'S MOTION IN LIMINE

**DEFENDANT** hereby moves this court for an order in limine to exclude all testimony and evidence to be produced at trial by the Plaintiff due to Plaintiff's refusal to disclose to the Defendant the identity of Plaintiff's witnesses.  Further, Plaintiff has not disclosed to the Defendant a definitive list of documents Plaintiff intends to introduce as evidence at trial.

Defendant attaches his memorandum of law in support of this motion.

**WHEREFORE**, for all of the reasons cited above, Defendant respectfully requests that this Court not allow the Plaintiff to offer any evidence at trial, and consequently, issue a directed verdict in favor of the Defendant.

October 4, 2023

1

Defendant,

_____
PETER KELMAN

500 Unicorn Park Drive, Ste. 300
Woburn, MA. 01801
(508) 314-0943


## CERTIFICATE OF SERVICE

I, **PETER KELMAN,** hereby certify that I have given notice of filing of the following documents to Plaintiff, Meltzer, Lippe, Goldstein & Breitstone, LLP, by sending to Plaintiff, care of Tom McGowan, Esq., by email said documents to same as of October 4, 2023.

_____
PETER KELMAN

1. **DEFENDANT'S MOTION IN LIMINE**

2. **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE**

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NASSAU**                                    **Index No. 612270/2020**

---

Meltzer, Lippe, Goldstein, Breitstone, LLP,

       Plaintiff

v.

Peter Kelman,

       Defendant

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE

Defendant submits this memorandum of law in support of his motion in limine requesting that this Court exclude all evidence offered at trial by the Plaintiff for the following reasons:

1. **Plaintiff has flagrantly ignored Defendant's multiple requests to identify its witnesses, after this Court told the Parties that Plaintiff had to provide a witness at trial.**

   A. On September 26, 2023, Ms. Lisa Garry, secretary to Judge Quinn, sent an email to the Parties informing them of the evidentiary requirements for the October 5, 2023 hearing in this case. Ms. Garry wrote, "The Court assumes the

plaintiff will be producing documents and at least one witness to substantiate the claims." *See* **Exhibit A**.

B.   On September 29, 2023 Defendant emailed Plaintiff asking for the identity of Plaintiff's witness. *See* **Exhibit B**. Plaintiff did not respond.

C.   On October 3, 2023, Defendant emailed Plaintiff and again asked for the identity of Plaintiff's witness. *See* **Exhibit C**. Plaintiff did not respond.

D.   On October 4, 2023, Defendant emailed Plaintiff yet again asked for the identity of Plaintiff's witness. *See* **Exhibit D**. Plaintiff did not respond.

E.   On September 29, 2023 Defendant disclosed the identity of his expert witness to Plaintiff. Plaintiff made no inquiry as to the expected testimony of Defendant's expert. Nevertheless on October 3, 2023, Defendant filed with this Court, and emailed the Plaintiff, with expert disclosures consistent with CPLR 3101, even though Plaintiff had made no request for such disclosure.

F.   Because Plaintiff was flagrantly ignored this Court's statement that it should produce a witness at the October 5, 2023 hearing and has failed to disclose the identity of its witness to Defendant so that Defendant could prepare his examination of the witness, this Court should exclude all testimony offered by the Plaintiff at trial.

2. **Because Plaintiff cannot support its case with evidence, this court should enter a directed verdict in favor of Defendant.**

Plaintiff has the burden of proof at trial. Without evidence, a plaintiff cannot prevail. In this case, where Plaintiff should be barred from offering any evidence at trial, a directed verdict in favor of the Defendant is appropriate.

**Conclusion**

For all of the reasons set forth above, Defendant requests that this Court exclude all evidence offered by the Plaintiff and direct a verdict in favor of the Defendant in this case.

October 4, 2023

Defendant,

_____
PETER KELMAN
230 Second Avenue, Suite 110
Waltham, MA 02451-2010
(781) 684-8448

**Wednesday, October 4, 2023 at 20:59:14 Eastern Daylight Time**

**Subject:** RE: Meltzer Lippe v Kelman, 612270/2020
**Date:** Tuesday, September 26, 2023 at 12:30:18 PM Eastern Daylight Time
**From:** Lisa Garry
**To:** Peter Kelman
**CC:** Tom McGowan

Good Afternoon,

The hearing is scheduled pursuant to the email below sent by Judge Quinn's Law Clerk.

This is an evidentiary hearing. The Court assumes the plaintiff will be producing documents and at least one witness to substantiate the claims.

If you have evidence or witnesses, be prepared to produce the same on **October 5, 2023 at 11:00 a.m.**

Thank you,

Lisa Garry
Secretary to the Hon. Christopher Quinn
Supreme Court
Mineola, NY 11501
(516) 493-3188
(516) 493-3075 fax


**From:** Stephanie Rafalowski
**Sent:** Wednesday, August 23, 2023 1:23 PM
**To:** tmcgowan@meltzerlippe.com; mross@meltzerlippe.com; pkelman@kelmanlaw.com
**Subject:** RE: 612270/2020 Meltzer, Lippe, Goldstein

Good Afternoon,

The Court is in receipt of correspondence from plaintiff's counsel requesting that the Court schedule an evidentiary hearing on the issues of attorneys' fees and sanctions against the defendant.
The hearing will be held on October 5, 2023 at 11:00am.

Have a nice rest of the week.

Thank you.

Best,

Stephanie M. Rzeszut, Esq.
Principal Law Clerk to the



| | |
|---|---|
| **Subject:** | Re: Proposed Stipulation as to trial exhibits |
| **Date:** | Friday, September 29, 2023 at 4:17:05 PM Eastern Daylight Time |
| **From:** | Peter Kelman |
| **To:** | Tom McGowan |
| **CC:** | Peter Kelman |
| **Attachments:** | image001.png |

Tom,

I have been busy but read the stipulation today.  I am OK with saying that those documents were attached as exhibits to court pleadings.  I am not ok saying that those documents are true because I contest the content contained in some of them.  As the court advised earlier this week, they expect that you will bring a witness to authenticate your billings.  So it is not clear to me what a stipulation will accomplish.  Please advise who you witness will be.

I am hereby advising you that I will be presenting as an expert witness, Frank Napoli, Esq., who will testify as to the reasonableness, or lack therof, of the amount of attorney's fees you seek to collect from me.

My reading of CPLR 3101 is that I have to provide information about expert testimony, upon request.  You have made no such request.

But if you would like a summary of his expected testimony in accordance with CPLR 3101, I am happy to provide it.

Thank you.


**Peter Kelman, Esq.**

[www.kelmanlaw.com](www.kelmanlaw.com)
ph:  (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA  01801



**Subject:** Re: Proposed Stipulation as to trial exhibits
**Date:** Tuesday, October 3, 2023 at 6:34:42 PM Eastern Daylight Time
**From:** Peter Kelman
**To:** Tom McGowan
**CC:** Peter Kelman

Tom,

On September 29th, I asked you who your witness(es) will be at the hearing on 10/5 (see below highlighted). On October 26th you were advised by the Court that you should be presenting a witness to substantiate your documentary evidence. You have failed to tell me who your witness will be. I ask once, without waiving any right to object to this late disclosure, who will be your witness(es).

**Peter Kelman, Esq.**

www.kelmanlaw.com
ph: (508) 314 – 0943

500 Unicorn Park Drive, Suite 300
Woburn, MA 01801



**Subject:** Your failure to disclose the identity of your witness
**Date:** Wednesday, October 4, 2023 at 1:59:38 PM Eastern Daylight Time
**From:** peter kelman
**To:** Tom McGowan
**CC:** Pbk Law Office

Mr. Mcgowan,

It is now less than 24 hours before our trial tomorrow. And you have failed to identify the person who will be your witness with respect to the documents you'll be presenting in court tomorrow. Please be advised that I will ask the court to strike any witness or any testimony of such a witness on the grounds that your failure to identify that witness as prejudiced my ability to prepare cross-examination. Twice I have asked you to identify your witness and twice you have ignored my requests.

I am now traveling to New York City and have no ability whatsoever to process new information about this case.

I have no idea why you failed to tell me who your witness would be.

Thank you.

Peter Kelman
500 Unicorn Park Drive, Suite 300
Woburn, Mass. 01801

pkelman@kelmanlaw.com
www.kelmanlaw.com

wk: (508) 314 - 0943

*Exhibit J*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE
LLP,

                           Plaintiff,

      -against-

PETER KELMAN,

                           Defendant.
-----------------------------------------------------------------------X

Index No.: 612270/2020

**AFFIRMATION IN
OPPOSITION TO
LATEST FRIVOLOUS
MOTION IN LIMINE**

**Thomas J. McGowan**, Esq., an attorney duly admitted to practice before the Courts of

the State of New York, affirms the following under the penalties of perjury:

1.      "MR. MASRI: Let the record reflect that Plaintiff's exhibit 53 [which is

MLG's records for the attorneys' fees due it under the reciprocal prevailing party fee

clause for the value of the time spent by its attorneys in this action through October 3,

2023] has been provided to Mr. McGowan.

      **Mr. Kelman, would you stipulate to that being entered into evidence?**

      **MR. KELMAN: Yes**.

After Defendant requested and was subsequently allowed to withdraw this consent, this

Court asked for Defendant's position as to the admission of Exhibit 53 into evidence, as

follows:

THE COURT: Any position [as to Ex. 53 being entered into evidence]?

MR. KELMAN: I dispute that it was sent to me. It was not sent to me on April 23rd - -

this has not been sent to me by email, other than the fact.

THE COURT: **Other than the fact you claim you didn't receive it, you are not objecting; is that correct?**

**MR. KELMAN: That's correct.**

THE COURT: It will be received in evidence.

*See* the true and authentic copy of the relevant portions of the October 5th hearing transcript annexed hereto as Ex. "A" at 75:17-22; 79:11-19 (emphasis added).

2.      While I would normally introduce myself first in an affirmation in opposition to a motion, I did not want to have this Court waste any more of its time in rejecting Defendant's abjectly and sanctionably frivolous motion herein. As evidenced above, Defendant's motion to preclude evidence and testimony that is already in evidence is abjectly frivolous and must be denied based on this fact alone.

3.      I am a member of Plaintiff Meltzer, Lippe, Goldstein & Breitstone, LLP, ("MLG") in the above-entitled action commenced against Defendant Peter Kelman ("Defendant"). I submit this affirmation in opposition to Defendant's latest, abjectly frivolous, and moot motion in limine.

4.      As noted, Defendant's motion is moot in that it seeks to preclude "Plaintiff from introducing at trial any testimony as to its pro se attorney's fees" since such testimony and evidence have already been received by this Court.  Defendant's failure to object to the admission into evidence of Exhibit 53 on the ground now currently asserted in his motion at issue (and the failure to object to the testimony related thereto on any ground) waives his newly concocted objection. *See Akamnonu v. Rodriguez*, 12 A.D.3d 187 (1st Dep't 2004); *Holtz v. Wildenstin & Co., Inc.*, 261 A.D.2d 336 (1st Dep't 1999).  Defendant's motion must be denied on this ground as well.

5.     Defendant's motion evidences why the amount he owes MLG under the bargained-for reciprocal prevailing party fee clause set forth in the parties' engagement agreement has grown to the amount it has. In short, Defendant repeatedly demonstrates that he has no qualms about making frivolous motions based on perjured testimony and notwithstanding the fact that the Court has already ruled against him and/or the motions have no non-frivolous basis for their assertion.

6.     Defendant's latest motion seeks to assert a defense as to Defendant's contractual obligation to pay MLG for the value of the time of its attorneys in this matter. As this Court is aware, however, MLG has already been granted summary judgment as to Defendant's liability for the fees owed it under the terms of the engagement agreement. *See* NYSCEF 71. Defendant's answer and counterclaims, which included a counterclaim challenging MLG entitlement to the fees incurred by it in this action, were also dismissed. *See Id.*  Defendant did not properly appeal that decision or perfected an appeal from that decision after it was served with notice of entry by MLG. *See* NYSCEF 72. His time to do so has long passed.

7.     Defendant's motion, which essentially seeks to improperly have this Court overrule the prior decision of Justice Steinman in this matter, and is collaterally estopped by that decision in any event, must be denied on these independent grounds as well.

8.     In addition, the bargained-for reciprocal prevailing party fee clause set forth in the engagement agreement entered into between MLG and Defendant, an attorney admitted in Massachusetts, provides: "[t]he prevailing party in any proceeding or arbitration relating to this agreement shall be entitled to reasonable attorney's fees, costs and disbursements incurred in connection therewith from the other party, **including, but not limited to, the value of time spent**

**by Firm [i.e. MLG] attorneys representing the Firm**." *See* NYSCEF 3 at Miscellaneous Matters, Item 3 (emphasis added).

9.    Even if this Court could act as an appellate court as to the summary judgment decision issued by Justice Steinman in favor of MLG two years ago, which it of course cannot, the law is well settled that Defendant cannot have this Court rewrite the contract agreed to by him to eliminate his already-determined liability for the value of the time spent by MLG litigating with him in this matter.

10.    As the Second Department holds "[t]he court's role is limited to interpretation and enforcement of the terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties filed to insert. *131 Heartland Blvd. Corp. v. C.J. Jon Corp.*, 82 A.D.3d 1188, 1189 (2d Dep't 2011); *see also Yang v. Northwell Health, Inc.*, 195 A.D.3d 662, 665 (2d Dep't 2021)(same); *City of New York v. Quadrozzi*, 189 A.D.3d 1342, 1344 (2d Dep't 2020)("When an agreement between parties is clear and unambiguous omits face, it will be enforced according to its terms and without resort to extrinsic evidence . . . Accordingly, a court should not, under the guise of contract interpretation, imply a terms which the parties themselves failed to insert or otherwise rewrite the contract")(internal quotation marks and citations omitted).

11.     In sum, Defendant's latest in limine motion is sanctionably frivolous and has caused MLG, yet again, to unnecessarily spend valuable time addressing it.

**WHEREFORE**, it is respectfully requested that this Court deny Defendant's frivolous motion in limine; assess sanctions against him pursuant to 22 NYCRR §130-1.1(a); and grant such other and further relief as to this Court seems just and proper.

Dated:  Mineola, New York
        October 12, 2021                          Respectfully submitted,


                                                 s/Thomas J. McGowan
                                                 Thomas J. McGowan, Esq.


*Exhibit K*

**7.01 Opinion of Expert Witness[1]**

(1) A person qualified as an expert by knowledge, skill, experience, training, or education, may testify to an opinion or information concerning scientific, technical, medical, or other specialized knowledge when:

(a) the subject matter is beyond the knowledge or understanding, or will dispel misconceptions, of a typical finder of fact; and

(b) the testimony will help the finder of fact to understand the evidence or determine a fact in issue, especially when the facts cannot be stated or described in such a manner as to enable the finder of fact to form an accurate judgment about the subject matter.

(2) Where the subject matter of the testimony is not based on the personal training or experience of the witness but rather is based on scientifically developed procedures, tests, or experiments, it must also be (or have been) established that: (a) there is general acceptance within the relevant scientific community of the validity of the theory or principle underlying the procedure, test, or experiment; (b) there is general acceptance within the relevant scientific community that the procedure, test, or experiment is reliable and produces accurate results; and (c) the particular procedure, test, or experiment was conducted in such a way as to yield an accurate result.

(3) Testimony in the form of an opinion or inference that meets the foregoing criteria for admissibility is admissible even if it embraces an ultimate issue to be decided by the trier of fact.

(4) An expert need not assert a conclusion with certainty, so long as the expert demonstrates a degree

1

of confidence in the conclusion sufficient to satisfy accepted standards of reliability in the expert's field.

(5)  (a) Unless the court orders otherwise, questions calling for the opinion of an expert witness need not be hypothetical in form. The expert may base an opinion on facts in the record or known to the witness, and the expert may state an opinion and reasons without first specifying the data upon which it is based; however, an expert who relies on facts within personal knowledge that are not contained in the record is required to testify to those facts prior to rendering the opinion.

(b) An expert also may rely on out-of-court material if:

(i) it is of a kind accepted in the profession as reliable in forming a professional opinion, provided that there is evidence establishing the reliability of the out-of-court material; or the out-of-court material comes from a witness in the proceeding who was subject to full cross-examination by the opposing party; and

(ii) it is a link in the chain of data and accordingly not exclusively relied upon for the expert's opinion.

(c) In a criminal case, while an expert may rely upon hearsay statements in formulating an opinion, the constitutional right of confrontation precludes the expert from testifying on direct examination to a statement made by a person who was not available for cross-examination.

(d) Defense of lack of criminal responsibility (CPL 60.55)

2

**(i) When, in connection with the affirmative defense of lack of criminal responsibility by reason of mental disease or defect, a psychiatrist or licensed psychologist testifies at a trial concerning the defendant's mental condition at the time of the conduct charged to constitute a crime, he [or she] must be permitted to make a statement as to the nature of any examination of the defendant, the diagnosis of the mental condition of the defendant and his [or her] opinion as to the extent, if any, to which the capacity of the defendant to know or appreciate the nature and consequence of such conduct, or its wrongfulness, was impaired as a result of mental disease or defect at that time. The psychiatrist or licensed psychologist must be permitted to make any explanation reasonably serving to clarify his [or her] diagnosis and opinion, and may be cross-examined as to any matter bearing on his [or her] competency or credibility or the validity of his [or her] diagnosis or opinion.**

**(ii) Any statement made by the defendant to a psychiatrist or licensed psychologist during his [or her] examination of the defendant shall be inadmissible in evidence on any issue other than that of the affirmative defense of lack of criminal responsibility by reason of mental disease or defect. The statement shall, however, be admissible upon the issue of the affirmative defense of lack of criminal responsibility by reason of mental disease or defect, whether or not it would otherwise be deemed a privileged communication.**

**(e) Sex Offender Civil Case. In a sex offender civil management case under article 10 of the Mental Hygiene Law, an expert may testify to hearsay**

3

**offered to explain the basis of the expert's opinion when the proponent demonstrates through evidence that the hearsay is reliable and that its probative value in helping the jury evaluate the expert's opinion substantially outweighs its prejudicial effect.**

**Note**

Subdivision (1) reflects the basic New York rule that it is for the jury to determine the facts and that they "may be aided, but not displaced," by expert testimony "where there is reason to suppose that such testimony will elucidate some material aspect of the case that would otherwise resist comprehension by jurors of ordinary training and intelligence" (*People v Inoa*, 25 NY3d 466, 472 [2015]; *People v Cronin*, 60 NY2d 430, 432-433 [1983] ["For testimony regarding both the ultimate questions and those of lesser significance, admissibility turns on whether, given the nature of the subject, 'the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable' "]; *cf. People v Clyde*, 18 NY3d 145, 154 [2011] [in responding to the defendant's argument that "physicians were improperly allowed to testify as to their conclusions" regarding injuries, the Court held that "admissibility turns on whether, given the nature of the subject, the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon. The facts that underlie physical injury and risk of serious physical injury can readily be stated to a jury so as to enable the jurors to form an accurate judgment concerning the elements of assault and unlawful imprisonment. It was therefore error to overrule (the defendant's) objections and permit this expert testimony" (citing *Cronin*)]).

What distinguishes New York from other jurisdictions is its emphasis on opinion evidence being "necessary" to properly describe the subject matter. (*See Ferguson v Hubbell*, 97 NY 507, 514 [1884] [the rules admitting opinions of experts should not be unnecessarily extended]; *Teerpenning v Corn Exch. Ins. Co.*, 43 NY 279, 281 [1871].) That "necessity" requirement in recent times appears subsumed by the requirement that the subject matter be beyond the knowledge or understanding of a typical juror or will dispel misconceptions a juror may hold and thereby help a juror to understand the evidence or determine a fact in issue. (*People v Rivers*, 18 NY3d 222, 228 [2011] [" 'The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' "]; *People v LeGrand*, 8 NY3d 449, 455-456 [2007] ["A court's exercise of discretion depends largely on whether jurors, after the court considers their 'day-to-day experience, their common observation and their knowledge,' would benefit from the specialized knowledge of an expert witness"]; *People v Keindl*, 68 NY2d 410, 422 [1986] ["Opinion testimony of an expert witness is admissible where the

4

conclusions to be drawn 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence' "]; *People v Lee*, 96 NY2d 157, 162 [2001] ["Despite the fact that jurors may be familiar from their own experience with factors relevant to the reliability of eyewitness observation and identification, it cannot be said that psychological studies regarding the accuracy of an identification are within the ken of the typical juror"].) In the end, it is for the trial court "to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness." (*People v Cronin*, 60 NY2d at 433; *People v Keindl*, 68 NY2d at 422; *People v Lee*, 96 NY2d at 162.)

As also specified in subdivision (1), the proffered expert witness must be qualified to provide expert testimony, that is, the witness "should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable." (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *see Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398 [1941].) The proponent of the witness is entitled to a reasonable opportunity to demonstrate that the person is qualified to testify as an expert (*see Werner v Sun Oil Co.*, 65 NY2d 839, 840 [1985]) and the opposing party is entitled to a reasonable opportunity to demonstrate otherwise. The trial court decides in the exercise of its discretion whether the witness is qualified to testify as an expert. (*Price v New York City Hous. Auth.*, 92 NY2d 553, 558 [1998]; Guide to NY Evid rule 1.09 [1].) As stated in *Meiselman*: "The prevailing rule is that the question of the qualification of a witness to testify as an expert is for determination, in his [or her] reasonable discretion, by the trial court, which discretion, when exercised, is not open to review unless in deciding the question the trial court has made a serious mistake or committed an error of law or has abused his [or her] discretion." (285 NY at 398-399.)

**Subdivision (2)** sets forth New York's continued adherence to the rule of *Frye v United States* (293 F 1013 [DC Cir 1923]; *People v Wesley*, 83 NY2d 417 [1994]). "Absent a novel or experimental scientific theory, a *Frye* hearing is generally unwarranted." (*People v Brooks*, 31 NY3d 939, 941 [2018].)

The *Frye* rule does not apply where experts base their testimony on personal training or experience of the expert. (*People v Oddone*, 22 NY3d 369, 375 [2013].) In *Oddone*, the Court permitted a doctor to testify that the deceased's neck had been compressed for "something in the range of 2, 3, 4 minutes." The defendant claimed that the doctor "was advancing a scientific principle that had not gained general acceptance in its field, in violation of the rule of *Frye* . . . . The flaw in defendant's reasoning is that [the doctor] did not claim to rely on any established scientific principle. He made clear that his testimony was based on his personal 'experience'—meaning what he had observed, heard and read about particular cases. Such evidence is not barred by *Frye*" (*Oddone*, 22 NY3d at 375-376).

5

The *Oddone* Court added a caveat:

"We acknowledge that it may not be possible to draw a neat line between scientific principles and experience-based testimony. Indeed, it has been observed that the many cases applying *Frye* to evidence based on scientific principles shed little light on exactly what a 'scientific principle' is . . . We do not imply that an expert is allowed to say anything he or she likes to a jury if the statement is prefaced by the words 'in my experience.' To allow an expert to say, based only on his or her alleged experience, that smoking does not cause lung cancer or that baldness is related to the phases of the moon would be to tolerate the admission of junk science and to undermine the basic purpose of *Frye*" (*Oddone*, 22 NY3d at 376).

The Court of Appeals has stressed that a *Frye* inquiry, whether required or not, is "separate and distinct from the admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case" (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 447 [2006]). The foundation is lacking if the trial court determines that " 'there is simply too great an analytical gap between the data and the opinion proffered.' " (*Cornell v 360 W. 51st St. Realty, LLC*, 22 NY3d 762, 781 [2014], quoting *General Electric Co. v Joiner*, 522 US 136, 146 [1997].) The question boils down to whether the expert's opinion sufficiently relates to existing data or, to the contrary, "is connected to existing data only by the *ipse dixit* [unproven word] of the expert." (*Joiner*, 522 US at 146; *see Brooks*, 31 NY3d at 941.)

Examples of accepted expert testimony include testimony that explains the following: the terminology used in the illegal drug trade (*People v Garcia*, 83 NY2d 817 [1994]); the inconsistency of the quantity of drugs recovered and packaging with personal use (*People v Hicks*, 2 NY3d 750 [2004]); the significance of the absence of the buy money in an undercover "buy and bust" when the reason for its absence is not inferable from the circumstances (*People v Brown*, 97 NY2d 500 [2002]; *cf. People v Gonzalez*, 99 NY2d 76 [2002]; *People v Smith*, 2 NY3d 8 [2004]); the impact on the ability to act with the requisite intent when a defendant had consumed up to a case of beer, smoked several marijuana cigarettes, and ingested 5 to 10 Valium (*People v Cronin*, 60 NY2d 430, 432 [1983]); the "range of psychological reactions of child victims who suffer from sexual abuse at the hands of their stepparents" (*People v Keindl*, 68 NY2d 410, 422 [1986]); the "sexually abused child syndrome" (*Matter of Nicole V.*, 71 NY2d 112 [1987]); whether a fire was intentionally set (*People v Rivers*, 18 NY3d 222 [2011]); an estimated time of a victim's death (*People v Miller*, 91 NY2d 372 [1998]); GPS evidence (*Matter of Carniol v New York City Taxi & Limousine Commn.*, 126 AD3d 409, 410-411 [1st Dept 2015]); and the mechanism of an injury or physiological process by which an injury occurs (*Sadek v Wesley*, 117 AD3d 193, 201 [1st Dept 2014], *affd* 27 NY3d 982, 983-984 [2016]).

6

Notwithstanding that expert evidence on a particular subject has been accepted, the Court of Appeals has explained that "our *Frye* jurisprudence accounts for the fact that evolving views and opinions in a scientific community may occasionally require the scrutiny of a *Frye* hearing with respect to a familiar technique. There is no absolute rule as to when a *Frye* hearing should or should not be granted, and courts should be guided by the current state of scientific knowledge and opinion in making such determinations. Indeed, admissibility even after a finding of general acceptance through a *Frye* hearing is not always automatic. Recent questioning of previously accepted techniques related to hair comparisons, fire origin, comparative bullet lead analysis, bite mark matching, and bloodstain-pattern analysis illustrates that point; all of those analyses have long been accepted within their relevant scientific communities but recently have come into varying degrees of question" (*People v Williams*, 35 NY3d 24, 43 [2020]).

**Subdivision (3)** is derived from Court of Appeals cases that indicate that, once the criteria for admissibility are demonstrated, it matters not that the testimony may appear to invade the province of the jury or constitute evidence of the "ultimate" issue in the case. (*People v Hicks*, 2 NY3d 750, 751 [2004] ["Since the expert testimony was beyond the ken of the average juror, it matters not whether the testimony related to the ultimate issue in the case"]; *People v Cronin*, 60 NY2d at 433 [trial court erred in precluding an opinion on the grounds that it "went to the ultimate question and would usurp the jury's function"]; *Dufel v Green*, 84 NY2d 795, 797 [1995] [It was not error for plaintiff's doctors to testify to "two of the statutory components of the 'serious injury' threshold as defined by Insurance Law § 5102 (d)"]; *see People v Jones*, 73 NY2d 427, 430-431 [1989] ["Expert opinion testimony is used in partial substitution for the jury's otherwise exclusive province which is to draw 'conclusions from the facts' . . . It is a kind of authorized encroachment in that respect"]; *People v Lee*, 96 NY2d 157, 162 [2001]; *People v Hicks*, 2 NY3d 750, 751 [2004]; *People v Rivers*, 18 NY3d at 228.)

**Subdivision (4)** is taken from *Matter of Anthony M.* (63 NY2d 270, 280-281 [1984] ["Though sometimes perceptible to lay witnesses . . . the progression from injury to death, often unseen and not readily comprehended, will generally be a subject for expert medical opinion. To establish a causal connection, conclusions which are only 'contingent, speculative, or merely possible' . . . will not suffice, but neither is absolute certainty and the exclusion of every other possibility required"]). A reasonable degree of certainty within the subject field of the testimony should suffice (*Matott v Ward*, 48 NY2d 455, 459-460 [1979] ["Granted that 'a reasonable degree of medical certainty' is one expression of such a standard . . . it is not, however, the only way in which a level of certainty that meets the rule may be stated. . . . (A)ny formulation from which it can be said that the witness' 'whole opinion' reflects an acceptable level of certainty (will suffice)," and the weight of the testimony is then to be assessed by the trier of fact]; *People v Brown*, 67 NY2d 555, 560 [1986]).

7

**Subdivision (5)** derives primarily from a series of Court of Appeals cases.

- **Subdivision (5) (a):** The first sentence is taken verbatim from CPLR 4515. The second sentence is a combination of decisional law (*Cassano v Hagstrom*, 5 NY2d 643, 646 [1959] ["opinion evidence must be based on facts in the record or personally known to the witness"]; *Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984] [same]), and the portion of CPLR 4515 that reads "the witness may state his opinion and reasons without first specifying the data upon which it is based." The Court of Appeals has qualified that latter portion of CPLR 4515 in two ways.

  The first qualification is as set forth in the rule's exception for an expert who relies on facts within personal knowledge. (*People v Jones*, 73 NY2d 427, 430 [1989] [an expert who relies on necessary facts within personal knowledge which are not contained on the record is required to testify to those facts prior to rendering the opinion]; *Mandel v Geloso*, 206 AD2d 699, 700 [3d Dept 1994].)

  Second, while the expert may state an opinion without first specifying the data that would support that opinion, the expert's testimony or the record must supply the data. (*Jones* at 431 ["In failing to supply an evidentiary predicate for their own chemist expert's ultimate conclusion (that a particular drug was a controlled substance), the People presented an insufficient case"].) That the opposing party under CPLR 4515 may of course cross-examine the expert does not shift the burden to that party to fill in the missing data. (*Id.*; *see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4515; Barker & Alexander, Evidence in New York State and Federal Courts § 716 [2d ed].)

- **Subdivision (5) (b) (i)** is derived from a series of Court of Appeals cases: *People v Sugden* (35 NY2d 453, 460-461 [1974] ["The psychiatrist may rely on material, albeit of out-of-court origin, if it is of a kind accepted in the profession as reliable in forming a professional opinion. . . . He may also rely on material, which if it does not qualify under the professional test, comes from a witness subject to full cross-examination on the trial"]); *People v Stone* (35 NY2d 69, 73 [1974] ["(T)he Trial Judge was very careful to satisfy himself that an independent, legally competent basis existed for the (expert) opinion in the doctor's interviews with the defendant and in the medical records in evidence"]); *Hambsch v New York City Tr. Auth.* (63 NY2d 723, 726 [1984] ["In order to qualify for the (*Sugden*) 'professional reliability' exception, there must be evidence establishing the reliability of the out-of-court material . . . Plaintiff presented no such evidence in the instant case and therefore the physician's opinion was inadmissible"]); *People*

8

*v Jones* (73 NY2d 427, 430 [1989] ["(A)n expert who relies on necessary facts within personal knowledge which are not contained on the record is required to testify to those facts prior to rendering the opinion . . . Conversely, expert opinions of the kind needing material evidentiary support for which there is none otherwise in the direct evidence or in some equivalently admissible evidentiary form have been excluded"]).

- Subdivision (5) (b) (ii) is derived from a series of cases, principally *Ciocca v Park* (21 AD3d 671 [3d Dept 2005], *affd* 5 NY3d 835 [2005]). The Appellate Division in *Ciocca* held that an "MRI was properly excluded because [the expert] exclusively relied upon the radiologist's report, 'not merely [as] a link in the chain of data,' but rather as the entire foundation for his opinion" (*Ciocca* at 672-673 [citations omitted]). The Court of Appeals affirmed holding: "Plaintiff did not lay an adequate foundation for the testimony of his experts" (*Ciocca*, 5 NY3d at 836; *see also Borden v Brady*, 92 AD2d 983, 984 [3d Dept 1983] [error was committed where a neurologist's report "constituted an expression of opinion on the crucial issue of the permanency of plaintiff's injuries and formed the principal basis for the expert witness' opinion on the same issue, not merely a link in the chain of data upon which that witness relied"]; *O'Shea v Sarro*, 106 AD2d 435, 437 [2d Dept 1984] [expert witnesses "may not rely primarily upon the opinions by physicians who were not called as witnesses at trial" (citing *Borden*)]; *Sigue v Chemical Bank*, 284 AD2d 246, 247 [1st Dept 2001] [error where an arthrogram report "formed the principal basis for the neurologist's opinion . . . 'not merely a link in the chain of data upon which that witness relied' " (citing *Borden*)]; *Tornatore v Cohen*, 162 AD3d 1503, 1505 [4th Dept 2018] [out-of-court material may be relied upon "provided that it does not constitute the sole or principal basis for the expert's opinion" (internal quotation marks omitted, citing *Borden*)]).

- **Subdivision (5) (c):** *People v Goldstein* (6 NY3d 119, 129 [2005] ["the statements made to (the expert) by her interviewees were testimonial. . . . (The interviewees) knew they were responding to questions from an agent of the State engaged in trial preparation. None of them was making 'a casual remark to an acquaintance'; all of them should reasonably have expected their statements 'to be used prosecutorially' or to 'be available for use at a later trial.' . . . Responses to questions asked in interviews that were part of the prosecution's trial preparation are 'formal' in much the same sense as 'depositions' and other materials that the Supreme Court identified as testimonial"]). *Goldstein* also viewed the statements in question as hearsay because they were effectively being offered for their truth; if they were not being offered for their truth, the Confrontation Clause would not normally be

implicated. In *Matter of State of New York v Floyd Y.* (22 NY3d 95, 107 [2013]), however, the Court of Appeals in a civil case under New York's sex offender civil management statute (Mental Hygiene Law art 10) held that "basis hearsay [hearsay offered to explain the basis of an expert's opinion] does not come into evidence for its truth, but rather to assist the factfinder with its essential article 10 task of evaluating the experts' opinions." That holding seemingly creates a criminal-civil dichotomy on whether the statements are hearsay. Thus far, *Floyd Y.*'s holding has not been applied in any reported decision other than cases under article 10 of the Mental Hygiene Law.

- **Subdivision (5) (d)** is taken verbatim from CPL 60.55. That section includes a requirement that the court give the jury the following limiting instruction: "Upon receiving the statement [of the defendant] in evidence, the court must instruct the jury that the statement is to be considered only on the issue of such affirmative defense and may not be considered by it in its determination of whether the defendant committed the act constituting the crime charged" (CPL 60.55 [2]).

- **Subdivision (5) (e):** *Matter of State of New York v Floyd Y.* (22 NY3d 95 [2013]). Using the terminology "hearsay basis evidence" to refer to hearsay offered to explain the basis of an expert's opinion, the Court held (at 109): "Due process requires any hearsay basis evidence to meet minimum requirements of reliability and relevance before it can be admitted at [a Mental Hygiene Law] article 10 proceeding. In article 10 trials, hearsay basis evidence is admissible if it satisfies two criteria. First, the proponent must demonstrate through evidence that the hearsay is reliable. Second, the court must determine that the 'probative value in helping the jury evaluate the [expert's] opinion substantially outweighs [its] prejudicial effect.' "

---

[1] In June 2022, this rule was amended: (1) to combine former subparagraphs (i) and (ii) of subdivision (5) (b) into subparagraph (i) of that subdivision; (2) to add subdivision (5) (b) (ii) and a corresponding Note; (3) to add a paragraph in the Note to subdivision (1) on the court determining whether a proffered witness is an expert; and (4) to add a paragraph in the Note to subdivision (2) to include the admonition set forth in *People v Williams* (35 NY3d 24, 43 [2020]).