

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
3 Huntington Quadrangle, Suite 102S, Melville, New York 11747
T.516.294.8844  F.516.294.8202
www.lbcclaw.com

William T. McCaffery
Partner
wmccaffery@lbcclaw.com

Writer's Direct Dial
(516) 837-7369

June 20, 2025

*Via ECF*
Honorable Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

   Re: *Kelman v. Blumenthal, et al.*
     Docket No. : 2:25-cv-02029
     Our File No. : 169L-109810

Dear Judge Choudhury:

  This firm represents defendants, Elliot J. Blumenthal and Law Offices of Elliot J. Blumenthal, PLLC ("Blumenthal Defendants"), in the above referenced action.  The claims in this action sound in legal malpractice.

  This letter is written to request a pre-motion conference in accordance with Rule 5.1 of your honor's Individual Rules.  The Blumenthal Defendants seek leave to file a pre-answer motion to dismiss this action pursuant to FRCP 12(b)(6) as plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

  As noted above, the instant action is a legal malpractice action.  In this action, plaintiff, Peter Kelman ("Kelman"), alleges that he retained the Blumenthal Defendants to represent him in defense of a legal fee claim brought against him by his former attorneys, Meltzer, Lippe, Goldstein, Breitstone, LLP ("Meltzer Lippe") ("Underlying Action").  The Underlying Action was brought against Kelman on November 2, 2020.  Kelman originally represented himself *pro se* in the Underlying Action.  While Kelman was representing himself *pro se* in the Underlying Action, an Order was issued dated September 9, 2021, which held that Kelman had breached his contract with Meltzer Lippe and granted summary judgment to Meltzer Lippe on the issue of liability.  The Order also directed that discovery be completed by December 12, 2021.  Kelman filed a Notice of Appeal of that Order on October 11, 2021.  On October 20, 2021, Kelman retained the Blumenthal Defendants to represent him in the Underlying Action.  On December 9, 2021 Meltzer Lippe filed the Note of Issue for the action as well as a motion for summary judgment on the issue of damages.  The Blumenthal Defendants opposed the motion for summary judgment on Kelman's behalf and cross-moved to strike the Note of Issue and to vacate the Court's prior Order of September 9, 2021, which had granted summary judgment to Meltzer Lippe on the issue of liability.  By Order dated August 11, 2022, the Court in the

Underlying action denied Meltzer Lippe's motion for summary judgment on the issue of damages and also denied the Blumenthal Defendants' cross-motion. On January 12, 2023, the Blumenthal Defendants were relieved as counsel for Kelman and Kelman then again represented himself *pro se* in the Underlying Action. A bench trial was held on October 5 and 13, 2023 after which, the Honorable Christopher G. Quinn of the Supreme Court, Nassau County issued a Decision in which he awarded Meltzer Lippe damages of $203,464.50.

In the First Amended Complaint for the instant action, Kelman alleges that the Blumenthal Defendants were negligent in:

(1) failing to perfect Kelman's appeal of the September 9, 2021 Order that granted summary judgment to Meltzer Lippe on the issue of liability;
(2) failing to file a motion to renew the September 9, 2021 Order that granted summary judgment to Meltzer Lippe on the issue of liability;
(3) failing to conduct discovery prior to Meltzer Lippe's filing of the Note of Issue; and
(4) failing to advise him to appeal the August 11, 2022 Order which, among other things, denied the Blumenthal Defendants' cross-motion to strike the Note of Issue and vacate the September 9, 2021 Order.

The Blumenthal Defendants seek leave to file a pre-answer motion to dismiss the instant action on the grounds that no negligence alleged against them was a proximate cause of Kelman's alleged damages.

There are three necessary elements in order for a plaintiff to state a claim for legal malpractice in New York: (1) negligence, (2) proximate cause, and (3) damages. As explained in *Iannucci v. Kucker & Bruh, LLP,* 161 A.D.3d 959, 77 N.Y.S.3d 118 (2d Dep't 2018):

> In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages (*Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 442, 835 N.Y.S.2d 534, 867 N.E.2d 385 [internal quotation marks omitted]; *see Verdi v. Jacoby & Meyers, LLP,* 154 A.D.3d 901, 902, 63 N.Y.S.3d 71; *Ferrigno v Jaghab, Jaghab & Jaghab, P.C.,* 152 A.D.3d 650, 652, 59 N.Y.S.3d 115).

161 A.D.3d at 960 [internal quotation marks omitted].

In the instant action, no negligence alleged against the Blumenthal Defendants was a proximate cause of Kelman's claimed damages:

(1) While Kelman alleges that the Blumenthal defendants were negligent in failing to perfect the appeal of the September 9, 2021 Order that granted partial summary judgment to Meltzer Lippe on the issue of liability, Kelman would not have prevailed on such an



appeal as the evidence submitted on the motion in the Underlying Action conclusively demonstrated that Kelman, in fact, breached his contract with Meltzer Lippe by failing to pay the legal fee owed to it. Additionally, the engagement letter between Kelman and the Blumenthal Defendants conclusively demonstrates that the Blumenthal Defendants were not retained to pursue appeals on Kelman's behalf.

(2) While Kelman alleges that the Blumenthal Defendants were negligent in failing to file a motion to renew the September 9, 2021 Order that granted summary judgment to Meltzer Lippe on the issue of liability, for the same reasons Kelman would not have prevailed on an appeal of that Order, Kelman would not have prevailed on a motion to renew. Additionally, there were no valid grounds on which to make a motion to renew.

(3) While Kelman alleges that the Blumenthal Defendants were negligent in failing to conduct discovery prior to Meltzer Lippe's filing of the Note of Issue, the absence of discovery was not a proximate cause of Kelman's claimed damages because any document or witness that could possibly have been relevant to Kelman's defense of the underlying action could have been subpoenaed by Kelman and presented at the trial of the Underlying Action.

(4) While Kelman alleges that the Blumenthal Defendants were negligent in failing to advise him to appeal the August 11, 2022 Order, which denied the Blumenthal Defendants' cross-motion to strike the Note of Issue and vacate the September 9, 2021 Order, plaintiff himself filed a Notice of Appeal of that Order after the Blumenthal Defendants were relieved as his counsel in the Underlying Action.

Based upon the foregoing, it is respectfully submitted that no negligence alleged against the Blumenthal Defendants was a proximate cause of the damages alleged by Kelman in the instant action. Accordingly, the Blumenthal Defendants request that a pre-motion conference be scheduled by the Court so they can file a pre-answer motion to dismiss this action pursuant to FRCP 12(b)(6) as plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

The undersigned has conferred with Kelman's counsel prior to filing this letter.

Respectfully submitted,

William T. McCaffery

cc: *Via ECF*
Alexander E. Eisemann, Esq.
Attorney for Plaintiff

J. Douglas Barics, Esq.
Law Office of J. Douglas Barics
*Pro Se* Defendants

