# DAVID J. WOOD
Attorney-at-Law
630 5th Avenue
Floor 20
New York, NY 10111
(212) 390-0092

January 26, 2026

VIA ECF

Honorable Lee G. Dunst
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: Kelman v. Barics, No. 2:25-cv-02029

Dear Magistrate Judge Dunst:

    I represent Defendant Douglas Barics, Esq., and respectfully submit this response to Plaintiff's January 11, 2026 letter requesting a pre-motion conference for leave to file a motion for summary judgment. As explained below, discovery remains ongoing and incomplete, and Plaintiff's request is therefore premature.

**1. Procedural Status**

    The parties have exchanged initial discovery, and Defendant has fully responded to Plaintiff's discovery requests. However, documents responsive to Defendant's requests remain outstanding from Plaintiff and are due on January 30, 2026.

    Defendant has identified deficiencies in Plaintiff's interrogatory responses, and the parties conducted a meet-and-confer on January 15, 2026, which did not resolve those issues. No depositions have yet occurred, and additional written discovery and depositions may be necessary to address the remaining gaps in the factual record.

**2. Summary Judgment Would Be Premature**

Plaintiff's request is premature under Fed. R. Civ. P. 56(d), as discovery is ongoing and Defendant cannot yet present facts essential to opposing summary judgment. The factual record remains incomplete with respect to several issues central to Plaintiff's breach of contract and legal malpractice claims under New York law, including:

1. The scope and terms of the August 22, 2023 engagement letter and the nature and extent of any consulting services undertaken thereunder, including whether any subsequent agreement was formed and, if so, its terms and scope.

2. The specific content, timing, context, and medium of the communications on which Plaintiff purports to base his claims, including the factual basis and evidentiary support for any alleged written or oral communications.

3. Plaintiff's own conduct in the underlying litigation and the dismissed appeal, including any efforts made by Plaintiff to mitigate losses or cure the alleged errors asserted in the complaint.

4. Whether Plaintiff can establish proximate and "but for" causation linking any alleged breach or negligence to the damages claimed, particularly in light of Plaintiff's independent conduct as a pro se attorney in the underlying action.

5. The calculation of Plaintiff's purported damages of $500,000, including how Plaintiff contends that amount exceeds the approximately $203,454.50 money judgment, and facts relating to any offsets, mitigation, or contributory or intervening factors attributable to Plaintiff.

These issues require further factual development, including Plaintiff's production of outstanding documents responsive to Defendant's document requests served on December 30, 2025, clarification of Plaintiff's responses to requests for admission and interrogatories, and potential depositions. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**3. Outstanding Discovery Issues**

Plaintiff's responses to Defendant's document requests remain outstanding and are due on January 30, 2026. In addition, Plaintiff's interrogatory responses and responses to Defendant's requests for admission remain incomplete or vague, particularly with respect to:

- The substance and timing of alleged statements or communications by Defendant that Plaintiff contends form the basis of his claims;

- The merits and appealability of the underlying appellate issues on which Plaintiff bases his damages claim; and

- Documentation arising from the underlying trial and proceedings that gave rise to the appeal.

Until these discovery issues are resolved, Defendant cannot fully assess the factual bases for Plaintiff's claims or meaningfully address issues of liability, causation, or damages.

**4. Request**

For the foregoing reasons, Defendant respectfully requests that the Court deny or defer Plaintiff's request for leave to file a motion for summary judgment until discovery is complete. Defendant further proposes that the Court schedule a status conference to discuss the completion of discovery and case management, rather than considering summary judgment at this stage.

I thank the Court for its time and consideration.

Very Truly Yours,

David J. Wood

cc: Peter Kelman, Esq.
J. Douglas Barics