IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PETER KELMAN,

        Plaintiff,

-against-

ELLIOT J. BLUMENTHAL, LAW OFFICES
OF ELLIOT J. BLUMENTHAL, PLLC, and
J. DOUGLAS BARICS,

        Defendants.

Civil Action No.
25-cv-02029-NJC-LGD

## JOINT STATUS REPORT AS OF FEBRUARY 27, 2026

In accordance with this Court's Order of February 9, 2026, Item 3, that the Parties submit a joint status report addressing the state of discovery and the status of ongoing meet and confer efforts, the Parties hereby submit the following:

**1.  PHASE ONE DISCOVERY**

Phase One Discovery is completed. The Parties have exchanged automatic disclosures and completed preliminary discovery. A mediation session was conducted on January 7, 2026 and no resolution was obtained. Each of the Parties has submitted a Mediation Report to the Court subsequent to the mediation.

**2.  PHASE TWO DISCOVERY**

    **A. Status of Plaintiff's Discovery.**

Plaintiff served on the Defendant Interrogatories, Request for Documents, and Requests for Admissions. Defendant has served his responses to all of Plaintiff's requests. While Plaintiff informed Defendant of some deficiencies in Defendant's responses, Plaintiff has

foregone seeking supplemental discovery responses, pending the outcome of his motion for summary judgment. If Plaintiff's motion for summary judgment is denied, Plaintiff intends to ask Defendant to cure the deficiencies in Defendant's responses. Plaintiff has further notified Defendant of Defendant's obligation to supplement his responses in accordance with FRCP 26 (e). In particular, Plaintiff is aware of counterclaims brought against the Defendant in the Supreme Court of Suffolk County, New York, in the case of *Joseph Barics v. Darren Mannino*, Index No. 626183/2025 ("*Mannino*"), which counterclaims contain discoverable information in response to Plaintiff's Interrogatories, and which counterclaims have not been disclosed by Defendant in his answers to Plaintiff's Interrogatories. Defendant's Answers to Plaintiff's Interrogatories are dated December 11, 2025. Even though the Defendant, Plaintiff-in-Counterclaim, in the *Mannino* case filed his counterclaims against Barics on November 25, 2025, two weeks before Barics served his interrogatory answers, Barics' interrogatory answers did not report the substance of the counterclaims filed against him. The parties have not held a meet-and-confer regarding this issue. Plaintiff does not intend to depose Defendant.

Plaintiff does not want to distract the Court from material matters at hand, but Plaintiff feels obliged to respond to misrepresentations made to this Court in the February 23, 2026 Letter filed by Defendant's Counsel (DE 43). Contrary to statements made in that letter, Plaintiff has never stated he would not participate in a meet-and-confer regarding discovery issues. Subsequent to this Court's order dated February 9, 2026, Defendant has not requested a meet-and confer. Nor is it true that Plaintiff has refused to supplement his discovery responses, if supplementation were required.

Plaintiff wishes to call to the Court's attention that Plaintiff has already served 1,599 pages of documents in response to Defendant's Document Requests, and served 34 pages of Answers to Defendant's Interrogatories. Any further discovery requests by Defendant would be redundant and immaterial to the issues in this case. Just four examples (there are many others) of redundant or immaterial further discovery requests, from Defendant's February 23, 2026 Letter to this court dated are:

- Defendant is seeking further documentation or information regarding Plaintiff's damages in the amount of $500,000, even though Plaintiff has

stated to this Court that Plaintiff's claim against Barics is $161,277.44 (*see* Pltf.'s Letter to Court, February 3, 2026, (DE 39)) and Plaintiff has produced documents supporting those damages (*see* Pltf. Doc. Response, ##43,43);

- Defendant has repeatedly asked Plaintiff for copies of trial transcripts from the Meltzer Lippe case, even though Plaintiff has repeatedly told Defendant's counsel that Plaintiff never ordered transcripts because his appeal was dismissed before Plaintiff could submit his brief to the appellate court therefore rendering a transcript moot (*see* Pltf. Doc. Response, #20; *see* Pltf. Interrog. Answer #8), and furthermore, Defendant could order such transcripts if Defendant deemed them necessary;

- Plaintiff produced documents comprising 600 pages of trial exhibits in the Meltzer Lippe case (*see* Pltf. Doc. Response, ##21, 22, 23), yet Defendant once again is asking for trial exhibits; and

- Defendant has repeatedly asked Plaintiff for documents comprising Plaintiff's contract with Defendant, even though Plaintiff has made it perfectly clear that the contract consists of the emails exchanged between the Parties on November 7, 2023, which emails have been provided to the Defendant's counsel numerous times, most recently in Plaintiff's Letter to this Court dated February 10, 2026, (DE 42).

B. **Status of Defendant's Discovery.**

Defendant's Phase Two discovery is ongoing and incomplete.

**First Set of Interrogatories and Requests for Admission (served 11/20/2025).**

Plaintiff served responses. Defendant contends that certain responses are deficient. The parties conducted a meet-and-confer conference on January 13, 2026, but were unable to resolve the disputed issues. A joint letter pursuant to this Part's Rule Section IV(D) was prepared and sent to Plaintiff on February 6, 2026 by email. By email dated February 11, 2026 3:27 P.M. Plaintiff has not provided input citing this Court's order of February 9, 2026.

**Requests for Production (served 12/30/2025).**

Plaintiff served responses. Defendant contends that the document production is

incomplete. A meet and confer letter has not yet been sent to Plaintiff.

**Second Set of Written Discovery (served 2/9/2026).**

Defendant served a Second Set of Interrogatories, Requests for Admission, and Requests for Production prior to this Court's order on the same date. By email dated February 11, 2026, Plaintiff indicated he would not respond to these discovery requests, citing the Court's February 9, 2026 Order.

**Proposed Joint Letter Status Regarding First Set of Interrogatories and RFAs.**

On February 9, 2026, prior to the Court's order of same date, Defendant circulated a proposed joint letter pursuant to this Part's Rule Section IV(D) intended to be submitted to the Court concerning the outstanding discovery disputes which were not resolved following the meet and confer held on January 13, 2026. In the same February 11, 2026 email referenced above, Plaintiff stated he would not provide input on the proposed joint letter, citing the Court's February 9, 2026 Order.

**Additional Discovery**

Defendant's need for additional discovery will be determined based on the resolution of the outstanding asserted deficiencies in Plaintiff's existing responses and outstanding discovery for which Plaintiff has not yet responded.

**Depositions and Third-Party Discovery.**

No depositions have been conducted. No third-party discovery has been scheduled. Defendant may seek to depose Plaintiff or non-parties depending on any supplemental responses required due to Plaintiff's deficiencies in his responses, and the completeness and accuracy of Plaintiff's pending responses to outstanding written discovery. For example, in one Request for Admission, Plaintiff both admits and denies the request through a narrative response, demonstrating that some issues may be clarified without

depositions. For certain document requests such as trial exhibits, Plaintiff did not distinguish between exhibits admitted into evidence and proposed exhibits. If supplemental responses are directed, depositions may not be necessary.

Defendant maintains that the outstanding pending discovery and asserted deficiencies in Plaintiff's responses should be resolved before the issues raised in Plaintiff's anticipated summary judgment motion can be fully and fairly addressed. Defendant further maintains that upon completion of discovery he will also be in a position to move for summary judgment.

Defendant intends to send Plaintiff a meet and confer letter to address deficiencies in the document produced. Pursuant to this Court's order of February 9, 2026, no joint letter to the Court has been finalized regarding the issues unresolved following the January 13, 2026 meet and confer.

Dated: February 27, 2026

| For the Plaintiff, Peter Kelman: | For the Defendant, J. Douglas Barics: |
|---|---|
| *[signature]* | /s/ David Wood |
| Peter Kelman, Plaintiff<br>Unicorn Park Drive, Suite 300<br>Woburn, MA. 01801<br>(508) 314-0943<br>pkelman@kelmanlaw.com | DAVID J. WOOD<br>Attorney for Defendant<br>630 5th Avenue - Floor 20<br>New York, NY 10111<br>(212) 390-0092<br>Email: davidjwoodlaw@yahoo.com |