**PETER KELMAN, ESQ.**
ATTORNEY AT LAW
500 UNICORN PARK DRIVE, SUITE 300
WOBURN, MASSACHUSETTS 01801

WWW.KELMANLAW.COM
PKELMAN@KELMANLAW.COM
PHONE: (508) 314 - 0943

***Via ECF***

August 17, 2026

Honorable Lee Dunst
United States District Magistrate
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Kelman v. Barics, et al., Docket No. : 2:25-cv-02029, Letter Motion for Leave to Amend Complaint**

Dear Magistrate Dunst:

I am the *pro se* plaintiff in the above referenced action. In accordance with your Local Rule VI (A) (1) pertaining to non-dispositive letter motions unrelated to discovery, I am submitting this letter motion to request leave to amend Plaintiff's First Amended Complaint ("FAC"). In support of this request, I state the following:

1. **Procedural Summary of Case.**

In your order dated October 8, 2025, Docket #33 ("Order 33"), you stated in part: *Additionally, any motion to amend the pleadings to add claims or join additional parties must be fi led by 12/2/2025. Any such motion fi led on or after12/2/2025 will be denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4). See Sacerdote v. New York University, 9 F. 4th 95, 115 (2d Cir. 2021).* Plaintiff believes that he has good cause to amend his FAC, for these reasons:

a. The December 2, 2025 cut-off date for amendment to the pleadings (the "Amendment Cut-off Date") preceded the production of discovery. Defendant attorney Barics did not produce responses to Plaintiff's discovery requests until December 11, 2025, which was more than one week after the Amendment Cut-off Date;

b. Plaintiff's proposed amendments to the FAC are attached hereto as **Exhibit A**;

c. Amendments 1 and 2 are intended to simplify the FAC since the Defendant, attorney Blumenthal, has been dismissed as a party from the case as a result of his settlement agreement with Plaintiff;

d. Amendment 3 is intended to reflect Plaintiff's actual remaining damages now that attorney Blumenthal has fulfilled his obligations pursuant to his settlement agreement with Plaintiff;

e. The addition of Counts Five, Six, and Seven are intended to bring the pleadings into conformity with the evidence that attorney Barics has produced in discovery. These additional counts should give no reason for any further discovery by either Party. As stated in his status reports, Plaintiff has conducted no further discovery since he served his initial discovery requests on Defendant in November of 2025.

f. As an example of Counts Five, Six, and Seven deriving from attorney Barics' discovery responses, in his Answers to Plaintiff's Interrogatories (Interrogatory # 10), attorney Barics stated he never read the Judge Quinn decision that Plaintiff sent to him asking if it should be appealed. Prior to receiving this discovery response, Plaintiff had assumed attorney Barics had read that decision as part of his representation of Plaintiff;

g. As a further example of Counts Five, Six, and Seven deriving from attorney Barics' discovery responses, in his Responses to Plaintiff's Request for Documents (Request # 12), attorney Barics stated he did not maintain a client file during his representation of Plaintiff. Prior to receiving this discovery response, Plaintiff had assumed attorney Barics would have created and maintained a file of his activity during his representation of Plaintiff; and

h. Attorney Barics lack of diligent representation of Plaintiff, as described in attorney Barics discovery responses, provides the factual foundation for adding Courts Five, Six, and Seven.

## 2. <u>Plaintiff's Request to Amend is Consistent with FRCP 16(b)(4).</u>

In its Order 33, the Court referred to the case *Sacerdote v. New York University, 9 F. 4th 95, 115 (2d Cir. 2021)* as a guide for when a pleading could be amended. That case stated that pleadings could be amended after a scheduling order has issued only upon a demonstration of good cause in accordance with FRCP 16 (b) (4).

As set forth above, Plaintiff believes he has met his burden to prove good cause by demonstrating:

a. The proposed amendments could not have been made prior to the Amendment Cut-off Date because they are based on evidence that was produced after the amendment cut-off date;

b. The proposed amendments are based on evidenced produced by attorney Barics in his discovery responses which evidence was not known to Plaintiff prior to receiving these discovery responses;

c. The proposed amendments will not necessitate any further discovery; and

d. The proposed amendments are intended to simplify the FAC in light of the dismissal of attorney Blumenthal.

3. **<u>Conclusion.</u>**

For the reasons stated above, Plaintiff urges this Court to allow him to amend the FAC per **Exhibit A**.

In accordance with your Honor's local rules, Plaintiff did contact Defendant's counsel by email and telephone to discuss this motion. Defendant would not agree to allow Plaintiff to amend the FAC, necessitating the need to file this motion.

Plaintiff does not request oral argument on his motion for summary judgment, unless Magistrate Dunst would find oral argument useful in making his decision.

Sincerely yours,

Peter Kelman

Cc: Via ECF and email
David Wood, Esq., attorney for Defendant

***Exhibit A***

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF NEW YORK

| | |
|---|---|
| PETER KELMAN,<br><br>Plaintiff,<br><br>-against-<br><br>ELLIOT J. BLUMENTHAL, LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC, and J. DOUGLAS BARICS,<br><br>Defendants. | Civil Action No.<br>25-cv-02029-NJC-LGD |

Plaintiff hereby amends his First Amended Complaint by making the changes described below:

1. Plaintiff's First Claim for Relief (¶¶ 80 – 88) for Relief is deleted.

2. Plaintiff's First Claim for Relief (¶¶ 89 – 95) for Relief is deleted.

3. Plaintiff's demand for damages is modified from five hundred thousand dollars ($500,000) to one hundred fifty-three thousand, four hundred, fifty-four dollars and fifty cents ($153,454.50).

4. Plaintiff adds his Fifth, Sixth, and Seventh Claims for Relief as follows:

<u>FIFTH CLAIM FOR RELIEF</u>
(conversion against Defendant Barics)

115. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

116. Attorney Barics has admitted that he maintained no client file for Plaintiff.

117. Attorney Barics has admitted that for the two week period of time he had in his possession the Justice Quinn Decision (**<u>Exhibit 13</u>**), he never read said decision.

118. Attorney Barics has admitted that he never sent Plaintiff an invoice for his services.

119. Attorney Barics has admitted that he kept Plaintiff's "advance retainer" in the amount of $1,000. *See* **<u>Exhibit 15</u>**.

120. At all times relevant hereto, the Plaintiff owned and had an undisputed right to those monies he paid attorney Barics, until such time as attorney Barics invoiced Plaintiff for his services.

121. As attorney Barics never invoiced Plaintiff for his services, attorney Barics had no right to keep Plaintiff's advance retainer. Attorney Barics has wrongfully and intentionally taken control of Plaintiff's property without legal justification, and when asked to return such property, have refused to do so.

## SIXTH CLAIM FOR RELIEF

(Violation of New York Lawyer's Code of Professional Responsibility and its Disciplinary Rules against Defendant Barics)

122. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

123. In Canon 6 (entitled: "A Lawyer Should Represent a Client Competently") of the New York Lawyer's Code of Professional Responsibility, Rule DR6-101 (A) (3) states in full: *A lawyer shall not neglect a legal matter entrusted to the lawyer.*

124. In Canon 7 (entitled: "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law") of the New York Lawyer's Code of Professional Responsibility, Ethical Consideration EC 7-1 states in part: *The duty of a lawyer, both to*

*the client and to the legal system, is to represent the client zealously within the bounds of the law, which includes Disciplinary Rules and enforceable professional regulations.*

125. In Opinion # 570 issued by the New York State Bar Association's Committee on Professional Ethics, the Committee stated that a *"... lawyer is obligated to return any portion of the fee advance that is not earned in rendering legal services. DR 2-110 (A) (3)."* Id. at p. 2.

126. New York Lawyer's Code of Professional Responsibility, Rule DR 2-11 (A) (3) states in its entirety: *"A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."*

127. Because attorney Barics kept no track of his time, did not maintain a client file, did not read Plaintiff's documents, and did not issue an invoice to Plaintiff, but nevertheless kept Plaintiff's advance retainer, attorney Barics has violated the disciplinary and ethical rules that govern an attorney's conduct in New York State.

## SEVENT CLAIM FOR RELIEF
(violation of New York General Business Law Article 22-A, section 349against Defendant Barics)

128. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

129. By engaging in a pattern of:

a. Failing to maintain Plaintiff's client file;
b. Failing to read documents that were sent to him by Plaintiff;
c. Failing to keep track of hours (if any) spent on Plaintiff's case;
d. Failing to issue an invoice to Plaintiff;
e. Requesting an advance retainer payment;
f. Failing to refund to Plaintiff his advance retainer payment; and
g. Failing to diligently represent Plaintiff

Defendant has engaged in pattern of unfair acts and deceptive practices.

130. Said unfair acts and deceptive practices constitute a violation of New York General Business Law Article 22-A, section

349, which entitles Plaintiff to recover treble damages and attorney’s fees from the Defendant.

131. Therefore, Plaintiff is due from attorney Barics an amount not less than one hundred fifty-three thousand, four hundred, fifty-four dollars and fifty cents ($153,454.50), plus continuing interest and court costs, treble damages, and his attorney’s fees.