**PETER KELMAN, ESQ.**
ATTORNEY AT LAW
500 UNICORN PARK DRIVE, SUITE 300
WOBURN, MASSACHUSETTS 01801

WWW.KELMANLAW.COM
PKELMAN@KELMANLAW.COM
PHONE: (508) 314 - 0943

***Via ECF***

September 4, 2026

Honorable Lee Dunst
United States District Magistrate
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Kelman v. Barics, et al., Docket No. : 2:25-cv-02029, Opposition Letter to Defendant's Request to Continue Fact-based Discovery**

Dear Magistrate Dunst:

In accordance with your order of August 24, 2026, Plaintiff hereby submits this opposition to Defendant's request to enlarge the time to complete discovery.

At the outset, Plaintiff will state for the record that his position on this issue is not adamant, and if this Court believes that the Defendant is entitled to further discovery, then Plaintiff will agree to that as long as there is a firm cut-off date.

However, Plaintiff would like to point out to the Court that March 3, 2026 was established as the completion date for fact discovery in the initial scheduling order approved by this Court on September 30, 2025, Docket # 32. *See* Phase 2 Discovery, Item #3. Since that date, Defendant has requested at least two extensions beyond the March 3, 2026 cut-off date to conduct additional discovery. On March 15, 2026 and on July 15, 2026, this Court allowed the enlargement of the time to conduct discovery. Yet, Defendant has not conducted any further discovery since that initial cut-off date.

In his opposition to Plaintiff's request for leave to amend his First Amended Complaint, Defendant argued that:

> Plaintiff's motion provides no explanation for the substantial delay between his receipt of the discovery responses and his motion to amend. That unexplained delay is inconsistent with the diligence required to establish good cause under Rule 16(b)(4). *See* Part II Defendant's Opposition Letter.

Surely if diligence is a requisite for enlarging a cut-off date, Defendant has failed to demonstrate the requisite diligence to extend for a third time, the cut-off date for additional fact discovery.

The items Defendant seeks to now obtain from further discovery from Plaintiff have been discoverable since this case started. Defendant has served on Plaintiff two letters seeking these additional items. Plaintiff has responded to each of these two letters with his own letters setting forth a substantive response with reasons that Plaintiff was not obligated to provide such additional discovery.

However, Defendant has taken no further course of action, by filing with this Court a motion to compel Plaintiff to produce additional discovery pursuant to your Magistrate's Local Rule IV D, which further action has been available to Defendant at all times. Given Defendant's failure for over six months to file a motion to compel further discovery responses from Plaintiff, Plaintiff asks this Court to rule that Defendant has waived his right to any further fact-based discovery.

Sincerely yours,

Peter Kelman

Cc: Via ECF and email
David Wood, Esq., attorney for Defendant