**PETER KELMAN, ESQ.**
ATTORNEY AT LAW
500 UNICORN PARK DRIVE, SUITE 300
WOBURN, MASSACHUSETTS 01801

WWW.KELMANLAW.COM
PKELMAN@KELMANLAW.COM
PHONE: (508) 314 - 0943

***Via ECF***

November 23, 2026

Honorable Lee Dunst
United States District Magistrate
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Kelman v. Barics, et al., Docket No. : 2:25-cv-02029, Letter Request for Leave to file a motion for pre-judgment attachment**

Dear Magistrate Dunst:

I am the *pro se* plaintiff in the above referenced action. Per your order issued on September 10, 2026, part 4, Plaintiff is requesting leave of court to file a motion for a pre-judgment attachment against the Defendant. As this letter is seeking leave to file such a motion, Plaintiff will omit the details he is prepared to include in the actual motion if leave is granted. However, in this letter, Plaintiff will briefly summarize the reason he now seeks leave to file for prejudgment attachment.

1. **Defendant has been sued in state court by his mortgagee bank seeking to foreclose on Defendant's primary residence.**

Last week, Plaintiff became aware that Defendant has been sued by JP Morgan Chase Bank, NA ("JP Morgan") in Suffolk County Supreme Court. *See* **Exhibit A**. JP Morgan is seeking to foreclose upon Defendant's residence because Defendant has failed to make his monthly mortgage payment, in the amount of $1,786.90, since September 1, 2025. On May 27, 2026, JP Morgan filed a Lis Pendens on Defendant's property in the Suffolk County Registry of Deeds. *See* **Exhibit B**. On September 29, 2026, JP Morgan filed a motion in state court to declare attorney Barics in default for failure to answer. To date, attorney Barics has not filed an answer or any other responsive pleading to JP Morgan's complaint.

2. **<u>Given the allegations of the JP Morgan complaint, Defendant would appear to lack available funds to pay Plaintiff in this case, and a pre-judgment attachment would be appropriate where Plaintiff's home may be sold imminently.</u>**

Defendant's failure to make monthly mortgage payments in the amount of $1,786.90 calls into question his liquidity and ability to pay any judgment that might be entered against him in this instant case. Given that JP Morgan is seeking to foreclose upon attorney Barics' residence, and given the equity attorney Barics appears to have in his residence, funds may be temporarily available to attorney Barics to pay Plaintiff. To prevent dissipation of those funds, Plaintiff now asks for a pre-judgment attachment on proceeds from the sale of attorney Barics' residence.

Plaintiff will go into much greater detail as to the standard of law that should be applied by this Court to decide this motion if leave is granted to more fully brief this request.

Plaintiff discussed this issue with Defendant's attorney by telephone on November 20, 2026. They were not able to narrow the issues of disagreement, necessitating Plaintiff's filing this request for leave.

Sincerely yours,

Peter Kelman

Attachments: Exhibits A & B as described above

Cc: Via ECF and email
David Wood, Esq., attorney for Defendant

Exhibit A, 15 pages

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

-----------------------------------------------------------------------X

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Plaintiff,

-against-

JOSEPH DOUGLAS BARICS

"JOHN DOE NUMBERS 1-10" The names of these defendants being fictitious and unknown to the Plaintiff, the persons or parties intended being the tenants, occupants, Person or corporations, if any having or claiming an interest in, possession of, or lien upon the premises described in the Complaint,

Defendants.

-----------------------------------------------------------------------X

**INDEX NO.:**

**DATE OF FILING:**

**SUMMONS**

**SUFFOLK** County
Designated as the place of Trial on the basis of situs of realty.

**WE ARE ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in a manner other than by personal delivery within the State. In the event the United States of America is made a party defendant; the time to answer for the said United States of America shall not expire until sixty (60) days after service of the Summons. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE**

**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to the mortgage company will not stop the foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT**

Dated: May 27, 2026
White Plains, New York

Yours, etc.,
KOSTERICH & SKEETE, LLC

/s/ Arnelle Calixte

Arnelle Calixte, Esq.,
Attorney for Plaintiff,
707 Westchester Ave, Suite 302,
White Plains, New York 10604
(914) 395-0055

# NOTICE TO DEFENDANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS COMPLAINT.

PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY,

PLEASE VISIT

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

OR

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

# AVISO A DEMAN DADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS,

ES POSIBLE QUE USTED TENGA DERECHO POR LEY

A TOMAR DIAS O SEMANAS ADICIONALES

PARA PRESENTAR UNA RESPUESTA

A ESTA PETICION

POR FAVOR CONTACTE A SU ABOGADO PARA MAS INFORMACION.

SI USTED NO TIENE UN ABOGADO,

VISITE

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

O

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

# NOTICE
# YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

**DATED: MAY 27, 2026**

**KOSTERICH & SKEETE, LLC**

# NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT

## [(THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED]

1. THE AMOUNT OF THE DEBT IS AVAILABLE FROM THE FINANCIAL INSTITUTION INDICATED IN THE ATTACHED NOTICE.

2. THE FINANCIAL INSTITUTION REFERENCED IN THIS NOTICE IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3. THE DEBT DESCRIBED IN THE NOTICE ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES, IN WRITING, THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4. IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5. IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED SUMMONS AND COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6. WRITTEN REQUESTS SHOULD BE ADDRESSED TO KOSTERICH & SKEETE, LLC, FORECLOSURE DEPARTMENT, 707 WESTCHESTER AVEM SUITE 302, WHITE PLAINS, NEW YORK 10604.

7. THE ABOVE-REFERENCED THIRTY (30) DAY TIME PERIOD IN WHICH THE DEBTOR MAY DISPUTE THIS DEBT SHALL IN NO WAY AMEND OR EXTEND SAID DEBTOR'S STATUTORY TIME PERIOD, AS STATED IN THE ATTACHED NOTICE, TO REPLY TO THE NOTICE OR TO REDEEM THE PROPERTY.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

-----------------------------------------------------------------------X

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Plaintiff,

-against-

JOSEPH DOUGLAS BARICS

"JOHN DOE NUMBERS 1-10" The names of these defendants being fictitious and unknown to the Plaintiff, the persons or parties intended being the tenants, occupants, Person or corporations, if any having or claiming an interest in, possession of, or lien upon the premises described in the Complaint,

Defendants.

-----------------------------------------------------------------------X

**INDEX NO.:**

**DATE OF FILING:**

**VERIFIED COMPLAINT**

The Plaintiff, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION by its attorneys, KOSTERICH & SKEETE, LLC, complaining of the Defendants, alleges and sets forth the following upon its present knowledge, information and belief:

**FIRST:** That at all times hereinafter mentioned, the Plaintiff, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is an entity that is authorized to transact business in the State of New York.

**SECOND:** Upon information and belief, and at all times hereinafter mentioned, the Defendants set forth in **Exhibit "A"** reside or have a place of business at the address set forth therein (any which are corporations being organized and existing under the laws of the state set forth therein) and are made Defendants in this action in the capacities therein alleged.

**THIRD:** Defendants, "John Doe #1" through and including "John Doe #10" inclusive are or may be other persons or entities unknown to Plaintiff, having filed or recorded a MERS as

nominee for notice of lien, Mortgage, judgment or warrant against the premises described herein or the owners thereof, prior to Plaintiff's filing of a notice of pendency in this action, or may be persons or entities having or claiming any interest in said premises which interest accrued subsequent to Plaintiff's Mortgage and is subordinate thereto, or may be persons in possession of said premises.

**FOURTH:** On or about November 20, 2012, Defendant, JOSEPH DOUGLAS BARICS, executed and delivered to STERLING NATIONAL BANK, a certain NOTE dated November 20, 2012, whereby JOSEPH DOUGLAS BARICS covenanted and agreed to pay the sum of $380,000.00, which sum with interest on the unpaid balance thereof, to be computed from the date of said note at a rate of 3.875 per cent per annum, by payments of $1,786.90, beginning on January 1, 2013 and thereafter on the like date of each subsequent month at a rate pursuant to the terms of the Note, until said note is fully paid, except that the final payment of principal and interest remaining due, if not sooner paid, shall become due and payable on December 1, 2042. Pursuant to RPAPL 1302 (a) & (b), Plaintiff and/or its custodian was delivered the Note and continues to possess and control said Note as of the date of this filing. A copy of the Note is attached and tagged as part of **Exhibit "B".**

1. Pursuant to RPAPL section 1302, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 Banking Law except where they are exempt from doing so.

2. Plaintiff

(a) is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b) has complied with all the provisions of section five hundred ninety –five- a of the Banking Law, and

(c) is in compliance with sending the ninety (90) day notices as required by RPAPL 1304.

(d) is in compliance with RPAPL 1306, if applicable. The tracking number provided by the New York State Banking Department for the reporting is NYS6486787. A copy of the 90 Day demand letter(s) and the New York State Registration are attached and tagged as part of **Exhibit "C".**

**FIFTH:** That as collateral security for the payment of an indebtedness of $380,000.00, Defendant, JOSEPH DOUGLAS BARICS, as mortgagor on November 20, 2012, duly executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR STERLING NATIONAL BANK, as Mortgagee, a Mortgage of certain real property known as 7 FLORIDA AVE, COMMACK, NY 11725 SECTION: 178, BLOCK: 04, LOT: 002.000, (hereinafter "Mortgaged Premises"), which Mortgage was duly recorded on December 3, 2012, in Book 22277, Page 858 at the SUFFOLK COUNTY CLERK'S OFFICE, which Mortgage was ultimately assigned to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION by assignment dated July 9, 2025 and recorded on August 19, 2025 in Liber 23677, Page 424 at the SUFFOLK COUNTY CLERK'S OFFICE. Any applicable recording tax was duly paid upon recording said instrument(s). A copy of said Mortgage and Assignment of Mortgage are attached hereto and tagged as part of **Exhibit "B"**.

**SIXTH:** Pursuant to RPAPL 1302 (a) & (b), JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and/or its custodian, is the owner and holder of said Note and Mortgage and the claims herein alleged.

**SEVENTH:** The Mortgage provides, *inter alia*, that Plaintiff is entitled to the appointment of a receiver for the property.

**<u>EIGHTH</u>:** The Defendant, JOSEPH DOUGLAS BARICS, has failed to comply with the terms covenants and conditions of the aforesaid Note and Mortgage by failing and omitting, *inter alia,* to make payments as called for in said Note and Mortgage for principal, interest and escrow for taxes and insurance beginning with payment due on September 1, 2025.

**<u>NINTH:</u>** More than thirty (30) days has elapsed since said sum or sums became due and payable, and by reason thereof, Plaintiff, has previously elected and hereby elects to call due the entire amount presently secured by the Mortgage immediately due. A copy of the 30 day demand letter(s) is attached and tagged as part of **Exhibit "C"**.

**<u>TENTH</u>:** There is presently due and owing to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION upon the Mortgage and the Note the principal sum of $430,579.15 with interest thereon at the contractual rate, together with tax advances, late charges, costs, disbursements, attorneys' fees and allowances as permitted by law.

**<u>ELEVENTH</u>:** In order to protect its security interest in the Mortgaged premises, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION may be compelled during the pendency of this action to pay for local taxes, assessments, water rates, sewer rents, insurance premiums and other charges affecting the Mortgaged premises, and the Plaintiff requests that any such sums thus paid by them for said purposes (together with interest thereon) should be added to the sum otherwise due and be deemed secured by the aforesaid Mortgage and be adjudged a valid lien on the Mortgaged premises.

**<u>TWELFTH</u>:** The Defendants herein have, or claim to have, some interest in or lien upon said Mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's Mortgage and is subordinate thereto.

**<u>THIRTEENTH</u>:** That there are no pending proceedings at law or otherwise to collect

or enforce said note and Mortgage and that there is no other action pending which has been brought to recover said Mortgage debt or any part thereof.

**FOURTEENTH**: In the event that Plaintiff possesses any other lien(s) against said Mortgaged premises either by way of judgment, junior Mortgage or otherwise, Plaintiff requests that such lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

**FIFTEENTH:** Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

**SIXTEENTH:** The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

**SEVENTEENTH:** Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises be sold subject to the following:

1. To any state of facts an accurate survey would show, including changes in street lines, if any;
2. Any state of facts that inspection of the premises would disclose;
3. To all unpaid taxes, assessments, water rates, sewer charges, and other encumbrances;
4. To any violations of record, including but not limited to building violations, if any;
5. To easements, restrictions, declarations, reservations, covenants and

agreements of record, if any;

6. To right of tenants, or persons in possession of the subject premises, if any;

7. To building and zoning or other laws or ordinances or regulations or restrictions and amendments of any municipality in which the property lies and having jurisdiction of the premises and notations thereof, and possible violations of same;

8. To rights of utility companies, if any;

9. To New York State Documentary Stamp Tax, and all expenses of recording the referee's deed and real property transfer tax;

10. To all environmental, health and other laws applicable to the property;

11. To the Terms of Sales to be read at the time of sale;

12. To the right of redemption of the United States of America as provided in 28 U.S.C. Section 2410; and

13. Prior lien(s) and Mortgage(s) of record, if any.

**WHEREFORE**, Plaintiff, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION demands judgment against the Defendants and all persons claiming under them or any of them subsequent to the filing of the Notice of Pendency of this action and every person whose conveyance or encumbrance is subsequent or subsequently recorded, they may be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the said contracted premises; that the said premises may be decreed to be sold according to law and subject to the terms set forth in paragraph "SEVENTEENTH" of the Complaint; that the money arising from the sale may be brought into court; that the Plaintiff may be paid the amount of principal and interest due on said Note and Mortgage as hereinbefore set forth with interest, late charges, expenses of sale, plus reasonable attorneys' fees, as provided in said loan agreement or Mortgage and all other sums determined to be owing to the time of such payment and the costs and disbursements of this action, so far as the amount of such money

properly applicable thereto will pay the same, together with interest thereon from the time of such payment; that the officer making such sale will, upon Plaintiff's request, pay out of the proceeds of said sale all taxes, assessments and water rates which have not apparently become absolute; that either or any of the parties to this action may become a purchaser upon such sale; that this court forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties;' and that the Defendant, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto (unless said Defendant has received a discharge from the United States Bankruptcy Court), and that the Plaintiff may have such other and further relief, as to the Court may be just and equitable.

Dated: May 27, 2026
White Plains, New York

Yours, etc.,
KOSTERICH & SKEETE, LLC

/s/ Arnelle Calixte

Arnelle Calixte Esq.,
Attorney for Plaintiff,
707 Westchestr Ave, Suite 302
White Plains, New York 10604
(914) 395-0055

**ATTORNEY'S VERIFICATION**

Arnelle Calixte Esq., an attorney duly admitted to practice before the Courts of the State of New York affirms the following under penalties of perjury:

That she is an associate of the law firm of KOSTERICH & SKEETE, LLC, the attorneys for the Plaintiff in the above-entitled action, that she has read the foregoing Complaint and knows the contents thereof; that the same is true to her knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

The reason this Verification is made by her and not by the Plaintiff is because the Plaintiff has its offices in a County other than where deponent maintains her main office.

The grounds of her belief as to all matters not stated upon her knowledge are as follows: Information contained in deponent's file, review of information supplied by Plaintiff and conversations with Plaintiff.

Dated: May 27, 2026
White Plains, New York

/s/ Arnelle Calixte

Arnelle Calixte, Esq.

[redacted]

SUFFOLK COUNTY CLERK
RECORDS OFFICE
RECORDING PAGE

Type of Instrument: LIS PENDENS
Recorded: 7/15/2024
Index Number: 21 620200 Sequence Number: 335312
Plaintiff(s) :

US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE F....

Defendant(s) :

BARICS, JOSEPH

Attorney(s) :

STERN & EISENBERG

TAX_MAP_NO:

See attached Real Property Tax Service Agency Verification Page

Liber Page(s):
M00022277-858

ADDITIONAL INFORMATION EXISTS PLEASE SEE DOCUMENT
THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

County Clerk, Suffolk County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST,

PLAINTIFF,

-against-

JOSEPH DOUGLAS BARICS A/K/A JOSEPH BARICS; CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS; UNITED STATES OF AMERICA O/B/O INTERNAL REVENUE SERVICE; JOHN DOE (SAID NAME BEING FICTITIOUS TO REPRESENT UNKNOWN TENANTS/OCCUPANTS OF THE SUBJECT PROPERTY AND ANY OTHER PARTY OR ENTITY OF ANY KIND, IF ANY, HAVING OR CLAIMING AN INTEREST OR LIEN UPON THE MORTGAGED PROPERTY),

DEFENDANTS.

**NOTICE OF PENDENCY**
**RE-FILED PURSUANT TO CPLR 6516**

Index No.: 620200/2021

MORTGAGED PROPERTY:
7 Florida Avenue
Commack, NY 11725
District: 0800, Section: 178.00, Block: 04.00 Lot: 002.000

SERVICER NAME INFORMATION:
Servicer Name: Fay Servicing, LLC
Phone Number: 800-495-7166

TO WHOM IT MAY CONCERN:

NOTICE IS HEREBY GIVEN of the commencement and pendency of the above-entitled action to foreclose on the following property, situated within Suffolk County:

1. To foreclose the following mortgage covering the premises hereinafter described, to wit: Mortgage made by Joseph Douglas Barics a/k/a Joseph Barics to Mortgage Electronic Registration systems, Inc., MERS acting solely as a nominee for Sterling National Bank in the amount of $380,000.00, dated November 20, 2012, and duly recorded in the Suffolk County Clerk's Office on December 3, 2012, in Book M00022277, at Page 858. Said Mortgage was duly assigned to Wells Fargo Bank, N.A. by Assignment of Mortgage recorded on March 14, 2014, in Book M00022468, at Page 419. Said Mortgage was further

assigned to Specialized Loan Servicing, LLC by Assignment of Mortgage recorded on August 15, 2019, in Book M00023052, at Page 178. Said Mortgage was further assigned to Plaintiff by Assignment of Mortgage recorded on June 1, 2021, in Book M00023281, at Page 950.

2. To recover possession of the mortgaged lands and premises hereinafter described in "Schedule A" annexed hereto.
3. The Clerk of the County of Suffolk is directed to index this Notice against the names of all the Defendants.

Dated: July 15, 2024

Stacey A. Weisblatt, Esq.
**STERN & EISENBERG, PC**
*Attorneys for Plaintiff*
20 Commerce Drive, Suite 230
Cranford, NJ 07016
and
1131 Route 55, Suite 1
Lagrangeville, NY 12540
Tel: (732) 582-6344
Facsimile: (732) 726-8719

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

All that certain plot, piece or parcel of land with the building improvements thereon erected, situated, lying and being in the Town of Smithtown, County of Suffolk State of New York, known and designated as Lot number 1 on a certain map entitled, "Map of Woodridge Estates, Section No. 1, situated at Commack, Town of Smithtown, Suffolk County, NY owned by Woodridge Construction Corp., 3 Marlboro Court, Rockville Centre, NY, surveyed February, 1963, Baldwin & Cornelius Co., Engineering & Surveying, Commack, NY" and filed in the Office of the Clerk of the County of Suffolk on July 26, 1963 as Map No. 3836.

| | |
|---|---|
| Premises: | 7 Florida Avenue, Commack, NY 11725 |
| Tax Parcel ID No.: | District: 0800 Section: 178.00 Block: 04.00 Lot: 002.000 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST,<br><br>PLAINTIFF,<br><br>-against-<br><br>JOSEPH DOUGLAS BARICS A/K/A JOSEPH BARICS; CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING VIOLATIONS; UNITED STATES OF AMERICA O/B/O INTERNAL REVENUE SERVICE; JOHN DOE (SAID NAME BEING FICTITIOUS TO REPRESENT UNKNOWN TENANTS/OCCUPANTS OF THE SUBJECT PROPERTY AND ANY OTHER PARTY OR ENTITY OF ANY KIND, IF ANY, HAVING OR CLAIMING AN INTEREST OR LIEN UPON THE MORTGAGED PROPERTY),<br><br>DEFENDANTS. | **NOTICE OF PENDENCY RE-FILED PURSUANT TO CPLR 6516**<br><br>Index No.: 620200/2021<br><br>MORTGAGED PROPERTY:<br>7 Florida Avenue<br>Commack, NY 11725<br>District: 0800, Section: 178.00, Block: 04.00 Lot: 002.000<br><br>SERVICER NAME INFORMATION:<br>Servicer Name: Fay Servicing, LLC<br>Phone Number: 800-495-7166 |

## NOTICE OF PENDENCY

**Stern & Eisenberg, PC**
20 Commerce Drive, Suite 230
Cranford, NJ 07016
and
1131 Route 55, Suite 1
Lagrangeville, NY 12540
Phone: (732) 582-6344
Facsimile: (732) 726-8719
*Attorneys for Plaintiff*

Pursuant to, 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: July 15, 2024

Service of a copy of the within ______________________ is hereby admitted.

Dated: July 15, 2024

/s/ Stacey A. Weisblatt, Esq.

Attorney(s) for: US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust

PLEASE TAKE NOTICE

☐ that the within a (certified) true copy of a ______________ entered in the office of the clerk of the within named Court on ______________, 2024

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon. ____________, one of the judges of the within named Court,

At ______________ on ______________, 2024 , at _________

# REAL PROPERTY TAX SERVICE AGENCY VERIFICATION

R P T S A
CLA
7/15/2024

**StatID: 5351444**

**Tax Map #'s: 0800-178.00-04.00-002.000**